SHORTRIDGE v. EASLEY, Adm'r de bonis non, &c.

1. An order of the orphans' court disallowing the account of a previous administrator in a settlement with the administrator *de bonis non*, is such an "order final," within the statute, as may be revised on appeal or writ of error.

2. Although the statute requires a claim to be filed against the estate of a deceased person, within six months after the same has been declared insolvent, yet the necessity for an affidavit of its justice does not exist until after exception is taken to the account, and may then be supplied.

3. Whatever may have been the common law right of an administrator, to retain from the assets of the estate to pay a debt due himself, in case of its insolvency, the act of 1843, "to amend the laws now in force in relation to insolvent estates," takes from him the right of retention.

Error to the Orphans' Court of Talladega.

THE plaintiff in error was one of the predecessors of defendant in the administration of the intestate's estate, which had been reported insolvent, and insisted upon the right to retain from the assets of the estate, an account, amounting to more than $2200, which he affirmed the intestate was indebted to him at the time of his death. Upon the settlement of the demands presented, an issue was made up between the plaintiff and defendant, that the justness, &c. of the plaintiff's claim might be adjudicated, and the right of retention settled. After hearing the evidence, the court charged the jury—1. That the plaintiff, in the settlement of his administration, had no right to appropriate or retain any portion of the assets in his hands to the payment of his demand. 2. That the plaintiffs claim could not be allowed unless *he himself* had verified the same by oath, within six months from the time the intestate's estate was declared insolvent. To these charges the plaintiff excepted, a verdict was returned for the defendant, and the claim of the plaintiff was thereupon disallowed.

F. W. BOWDON, for the plaintiff in error, insisted, that the judge of the orphans' court erred in both his charges to the jury, and cited Clay's Dig. 194, § 10 ; Holley, et al. v. Hollinger, 8 Ala. Rep. 456 ; 2 Wms. on Ex. 685-6, 816 ; 3 Bla. Com. 18, 19 ; Toller on Ex. 295 to 298 ; 1 Lomax on Ex. 412 to 418 ; 11 Vin. Ab. 265 ; 3 Burr. Rep. 1384 ; Fonb. Eq. B. 4, pl. 2, ch. 2, and note ; 7 Dana's Rep. 457 ; 7 Ala. Rep. 484 ; 3 Stew. R. 151 ; Clay's Dig. 192, § 2 ; Brown & Co. v. Easly, and Purdom v. Tipton, et al. at this term.

W. P. CHILTON, for the defendant, moved to dismiss the writ of error, because the plaintiff's account had not been entirely acted on, but only as to a single item. It is not allowable for the administrator of an estate reported insolvent, to retain for a debt due himself ; otherwise, if his claim were equal to the value of the assets he would exclude all other creditors. [Clay's Dig. 194.]

COLLIER, C. J.—It is provided by statute, that from any judgment or order final of the county or orphans' court, whether in vacation or term time, an appeal, or writ of error shall lie to the circuit, or supreme court, in the same manner as upon judgments of the circuit courts. [Clay's Dig. 297, § 4.] The counsel for the defendant in error is mistaken in supposing that the entire account has not been passed on ; a mistake doubtless induced by associating the plaintiff's claim against the estate, with the account current, showing the administration of the plaintiff and his co-administrator ; both of which are found in the record. It is clearly shown by the bill of exceptions, that the plaintiff's account, stating the indebtedness of the intestate to him, and the right to retain it, were the matters in controversy ; and the judgment is, that the claim be rejected, and the administrator *de bonis non*, recover of the plaintiff his costs. Here is then a final order coming within the act cited, and the motion to dismiss the writ of error is therefore overruled.

In Brown & Co. v. Easley, at this term, it was held, that a claim filed within six months after the estate of a deceased person had been declared insolvent, could not be rejected, be-

66

cause no affidavit of its justice was made within the same period : That the necessity for an affidavit does not exist until after an exception is made by the administrator, or a creditor; although the statute requires the account to be filed within six months, the affidavit need not then be made, but may be afterwards supplied. Here the affidavit was made by the plaintiff himself, after the account was objected to, and this was quite sufficient.

By the first section of the act of 1843, " to amend the laws now in force in relation to insolvent estates," (Clay's Dig. 192, § 2,) it is enacted, that " when the estate, both real and personal, of any person deceased, shall be insolvent, or insufficient to pay all just debts which the deceased owed, the said estate, both real and personal, shall be distributed to, and among all the creditors, in proportion to the sums to them respectively due and owing; saving that debts due for the last sickness, and necessary funeral expenses of the deceased are to be first paid," &c. The language of this statute is too explicit to allow any ground for controversy as to its true meaning. Certainly the words " all the creditors," are sufficiently comprehensive to embrace the executor or administrator; indeed, we cannot conceive how he can claim an exemption from their influence, without showing that he comes within the exception.

Whatever may have been the common law right of an administrator, to retain from the assets of the estate, to pay a debt due himself, in a case of insolvency, we are satisfied that the act cited takes away all pretence for the right of retention, where " the estate, both real and personal," " is insufficient to pay all just debts."

For the error in the second charge to the jury, the judgment of the orphans' court is reversed, and the cause remanded.