## CAMPBELL'S ADM'R v. CAMPBELL'S CREDITORS.

1. The act of 1843, " to amend the laws now (then) in force in relation to insolvent estates," applies to all claims which are filed against the decedent's estate, where an exception is taken in the manner pointed out by the act, for the want of an affidavit; and although the claim be evidenced by a *judgment*, an exception to it will be allowed, if it is not duly verified.

Error to the Orphans' Court of Pickens.

IN July, 1845, the estate of the plaintiff's intestate was du-

ly declared insolvent, and the settlement thereof continued until January, 1846. Several of the creditors filed their claims without verifying them by affidavit, and for this cause the plaintiff objected in writing to their allowance as a charge against the estate ; but the court being satisfied of their justness, from the intrinsic evidence they afforded, and the proof in their favor, the objection was overruled, and the claims charged upon the estate.

B. W. HUNTINGTON, for the plaintiff in error.    The statute in relation to filing claims against an insolvent estate, makes an affidavit necessary in all cases where one is demanded. [7 Ala. R. 923 ; 8 Id. 454.]

No counsel appeared for the defendant.

COLLIER, C. J.—The ninth section of the act of 1843, entitled "an act to amend the laws now in force in relation to insolvent estates," enacts, that every person having a claim against the estate of a deceased person which has been declared insolvent, by the orphans' court, shall file the same in the clerk's office of that court, within six months after such estate is declared insolvent ; and every such claim shall be verified by the affidavit of the claimant ; and the clerk shall give a receipt therefor, &c.; "and if no opposition shall be made to the allowance of such claim, in the manner hereinafter provided, within nine months after the time when the said estate was declared insolvent, such claim shall be admitted and allowed as a valid claim against the said estate, without further proof." [Clay's Dig. 194, § 10.]

In Hollinger, et al. v. Holly, et al. 8 Ala. R. 454, it was said, the direction that each claim shall be verified by the affidavit of the claimant, does not make the affidavit indispensable to the allowance of the claim, when no exception is taken to its omission in the manner pointed out by the act. "The creditor or administrator may doubtless require the claimant thus to verify his claim, but if no exception is taken, there seems no sufficient reason to reject the claim." In the present case, one of the claims rejected was a judgment of the circuit court of

Pickens, and lest it may be supposed that the dignity of the evidence by which it is attested exempts it from the requisition of the statute, it may be remarked that the act is explicit in its terms, and applies alike to all claims, whether supported by parol or record evidence. The exception was taken to the want of an affidavit in due form, and within proper time, and should have been sustained. For the error of the orphans' court in ruling otherwise, its *decree is* reversed and the cause remanded.