## COOK v. DAVIS.

1. Under the act of 1843, allowing a creditor to appeal, &c., from a decision against him, on the allowance of his account against an insolvent estate, he cannot be heard unless an exception is taken to the decision at the hearing.

2. Nor can he take exceptions to irregularities in the proceedings previous to the final decree, unless he excepts to such irregularites before going into the settlement.

3. The act of 1843 does not impose upon the judge of the county court the duty of causing an issue to be made of his own volition between the creditor and administrator.

4. The affirmatory affidavit which the administrator, or another creditor in his name, may require under the act of 1843, should show something for which the estate is responsible as a money demand, or as ascertained damages. A receipt for a note on a third person, to be collected or returned, is not sufficient, unless the affidavit shows the estate is chargeable with some sum of money.

5. A note payable to a third person, will not support a claim unless the affidavit shows the claimant has either a legal or equitable interest in it.

Writ of Error to the Orphans' Court of Pickens.

THE supposed errors sought to be revised, are alledged to exist in the record, and proceedings, of the settlement of the estate of Joseph H. Harris, at the instance of Davis, administrator *de bonis non.* So much of the proceedings as are necessary to show the bearing of the errors assigned will be recited.

The administration *de bonis non* was committed to Davis, the 13th October, 1845, after the settlement of the accounts of the preceding administrator, and the estate was represented insolvent the 11th May, 1846. No schedule of the assets, or of the claims against the estate appear in the transcript, but an order was made, directing a publication of three weeks notice to the creditors, to appear and contest this representation. At the hearing—July term, 1846—no opposition being

made, the estate was declared insolvent, and the 2d Monday of September, then next, fixed for the administrator to make a settlement of his accounts, and for the election of a new administrator. It was also ordered, the creditors should be notified to file their accounts, duly verified, on or before the 2d Monday of January, 1847, and that the acting administrator file his accounts and vouchers at least forty days previous to the 2d Monday of April, 1847, for settlement and distribution of the assets of the estate.

No action of any kind seems to have been had on the 2d Monday of September, 1846, or at any other time, until April term, 1847, when the estate was finally closed, by a decree of distribution, in which it is stated that the claims of Wiley B. Cook were rejected.

What evidence was offered to sustain the demands, does not appear, but with the transcript is sent up a receipt of the intestate, which recites that he received a note from Cook, on Calvin M. High, for $249, which note he was to collect or return. This receipt is verified by the affidavit of Cook, as just and true, and a disclaimer is added that he has received any thing on account of it. The affidavit is sworn to before a justice of the peace of Mississippi. This claim was objected to by the administrator, on the grounds—1. That it was not proved by the oath of the claimant. 2. Because the affidavit and certificates appended, were insufficient to establish a claim.

Another claim sent up in the same manner is a note signed by Harris, and dated 7th July, 1839, at one day, for $669 64, payable to Jones, Cook & Co. This is verified by the affidavit of Wiley B. Cook, as just and true, with the disclaimer that he has not received any thing on account of it. This also was made before a justice of the peace of Mississippi, and the clerk of the court of probate certifies that he is justice. The judge of probate certifies that the clerk is clerk.

This was objected to by the administrator, that the claim was not verified by the oath of the claimants, or by any sufficient evidence to establish it.

Cook v. Davis.

Cook prosecutes his writ of error, and assigns that the court below erred—

1. In declaring the estate insolvent.

2. In decreeing a final settlement before the time for filing claims had expired.

3. In rejecting the claim of the creditor without directing an issue.

4. In proceeding to settle the estate without notifying the creditors to appoint an administrator.

5. In not allowing the claims.

6. In making a settlement before the administrator had filed his accounts, and without notice.

E. W. PECK, for the plaintiff in error.

No counsel appeared for the defendant in error.

GOLDTHWAITE, J.—1. The act of 1843 provides, that "on the trial of any issue, directed to be made up and tried under it, either party dissatisfied with any decision, or charge of the judge trying the same, may except to such decision, or charge, and tender his bill of exceptions as in trials of suits at common law ; and may, within twelve months thereafter, appeal from, or sue out a writ of error to such judgment as in suits at common law." [Dig. 195, § 14.] Here the plaintiff in error does not bring himself within the spirit or letter of the statute, as no exception was taken to the action of the court, at the time of the decision, and consequently cannot now be heard to complain of errors which, it may be, passed without dispute at the time.

2. As, however, it may be supposed there is something in the errors assigned, unless they receive a passing notice, it will be as well now as at any other time, to express our opinion, that no party who appears in a testamentary suit, and submits to a final decree, without exception to previous irregular proceedings will be heard to complain, for the obvious reason, that his duty was to call the attention of the court in the first instance, to the supposed irregularities. If he omits to do this, no injustice is done him by presuming their waiver, so far as he is concerned. This, independent of any

70

other reason, would dispose of all the assignments of error, except those which question the correctness of rejecting the demands.

3. It is supposed by one of the assignments of error to have been the duty of the court, of its own volition, to cause an issue to be made up between the creditor and the administrator. The idea, we think, is at variance with the obvious intention of the statute, as shown by the section previously quoted, which seems to deny the right of revision when no exception is taken. Independent of this, the same phrase, "*shall cause an issue to be made*," occurs in many of our other statutes, and we are not aware it has ever been construed to impose on the court the duty of representing both parties.

4. Exceptions to claims filed by creditors under the act of 1843, divide themselves into two classes. The first, as to the nature of the affirmatory affidavit, which is required to be made and filed by the claimant, at the time of filing the claim. [Dig. 194, § 10.] This affidavit, if no exception is taken to the claim, entitles it to be allowed without further proof, and when not made by the claimant, may be called by an exception from the administrator, or a creditor in his name. [Hollinger v. Holly, 8 Ala. 454; Brown v. Easley, 10 Ib. 564; Shortridge v. Easely, Ib. 520.] The other class includes all matters of defence to the claim, as asserted, and is the one chiefly adverted to by the statute, when it speaks of an issue. The decisions above referred to having settled, the administrator may require this affidavit from the claimant, it is a matter of some importance to determine what the affidavit must contain, and by whom it is to be made. It may be difficult to say, that any precise form will cover all cases, but there is none in arriving at the conclusion, the claim as presented must, in connection with the affidavit, show something for which the estate is responsible. If we test the first claim by this rule, it will be evident that neither the receipt nor the affidavit, nor both together, establish any matter for which the estate is responsible. It may be the creditor yet possesses the means of collecting the note mentioned in the receipt, or it may be wholly worthless. As to this demand,

there was nothing to elevate it into a claim, and its rejection was regular, even if an exception had been taken.

5. As to the other claim, it arises out of a note payable to Jones, Cook & Co., and there is nothing on the face of the paper, to show the plaintiff in error, is its holder, either by indorsement, assignment, or delivery. It is not even asserted in the affidavit, that he is the claimant of the sum due by it from the estate. Without undertaking to decide the claimant should show a legal title to the claim presented, we are clear the statute requires the affidavit to be made by some one claiming either the legal or an equitable interest in the claim asserted. In this particular, this claim is also unsupported, and its rejection would be sustained, if an exception had been regularly taken.

We are unable to see any error in the record. Judgment affirmed.