## BRASHER and GOOCH, Adm'rs, v. LYLE and HOUSE.

1. An affidavit made to an account, filed against an insolvent estate, does not establish its correctness ; but if required, the creditor must prove it by competent testimony.

Writ of Error to the Orphans' Court of Shelby. Before his honor W. G. Bowdon.

THE defendants in error filed several claims against the estate of the plaintiffs' intestate, which had been declared insolvent, one of which was an open account for $45 22. To the allowance of these claims, the administrators objected in writing—1. Because they were not due to the pretended creditors, and have been fully paid. 2. Because they were not verified by the affidavit of the creditors, and filed with the clerk within six months after the estate was declared insolvent. An issue being made up as directed by the statute, and tried by the court without the aid of a jury, it was adjudged that the claims be allowed, and that the administrators pay the costs. It is shown by a bill of exceptions, that an affidavit filed after the claims were objected to, and which was made by one of the creditors, was admitted as evidence, or if not, that the account was allowed without any evidence to support it—the judge being of opinion that the objections did not require the creditors to make any proof, and that the affidavit was a sufficient compliance with the statute.

POPE, for the plaintiffs in error, cited Clay's Dig. 194, § 10 and 11; 342, § 161.

L. E. PARSONS, for the defendants in error, cited 8 Ala. Rep. 454; 10 Id. 520, 565.

COLLIER, C. J.—The act of 1843, to "amend the laws now in force in relation to insolvent estates," requires that

claims shall be filed against insolvent estates, in the clerk's office of the orphans' court, within six months after the same is declared insolvent; and that such claim shall be verified by the affidavit of the claimant: *Further*, within nine months after an estate is declared insolvent, the administrator or any creditor may object to any claim filed against the estate—an issue shall be made up and tried, and the unsuccessful party shall pay all costs. Clay's Dig. 194, § 10, 11. Under this statute, it has been held that it is not necessary an affidavit should be made at the time the claim is filed; that the administrator or creditors have the right to the oath of the claimant to the justice of the claim; and if an exception is taken for the want of an affidavit, the affidavit may be supplied any time before the estate is set for final settlement by the statute. 10 Ala. Rep. 520, 564.

The affidavit required, is not intended to establish a disputed account, but to prevent a simulated or satisfied claim from being set up against the estate to the prejudice of *bona fide* creditors. And no matter what may be its apparent dignity, the justice of the claim must be verified—even if it be evidenced by a promissory note or a judgment.

The objections to the claims were sufficiently broad to throw upon the creditor the *onus* of making out the correctness of his account as a charge upon the intestate's estate. This could not be done by the evidence of the parties interested, as the account was for a larger amount than they could establish by their own oath, and is expressly excepted from the influence of the act of 1839, which under certain circumstances admits the oath of the plaintiff, where a suit is commenced upon an account not exceeding $100. Clay's Dig. 342, § 161. The affidavit, then, should have been received as a mere compliance with the act of 1843, and not to establish the account. In giving to it such an effect, the orphans' court erred—its judgment is consequently reversed, and the cause remanded.