Carhart, Brothers & Co. v. Clark's Adm'r.

---

# CARHART, BROTHERS & CO. *vs.* CLARK'S ADM'R.

[CONTEST AMONG CREDITORS OF INSOLVENT ESTATE.]

1. *Time of verifying claim.*—A claim against an insolvent estate must be filed and verified within nine months after the declaration of insolvency. (WALKER, J., *dissenting.*)
2. *Time of objecting to verification.*—If a claim is not verified within the time required by the statute, an objection to it on that account may be made at any time before or on the settlement.
3. *Commissioner's certificate of verification.*—When a claim is verified before a commissioner of Alabama in another State, the certificate of such commissioner is presumptive evidence that the oath was taken, and that it was taken before a lawful officer.
4. *Proof of filing claim.*—The mere fact that a claim was verified before a commissioner in New York city, five days before the expiration of the time allowed for filing claims, does not authorize the probate court of Sumter county in this State, sitting at Livingston, to reject the claim on the ground that it was not filed in proper time, when the creditor's attorney testifies that, according to his best recollection and belief, the verification was filed in the court before the expiration of the statutory period.

APPEAL from the Probate Court of Sumter.

IN the matter of the estate of David W. Clark, deceased, which was declared insolvent on the 2d June, 1856. On the 12th February, 1857, Carhart, Brothers & Co. filed a claim against said estate; which claim was verified by the affidavit of one of the partners of the firm, purporting to have been taken on the 24th February, 1857, in New York city, before Joseph C. Lawrence, as commissioner for the State of Alabama in and for the State of New York; and the certificate of said commissioner, under his hand and seal, was appended to it. No objection to this claim was filed by any one within twelve months after the declaration of insolvency; but after the administrator's accounts had been stated, and the amount in his hands for distribution had been ascertained, an oral objection to its allowance was made, by an attorney who represented the administrator and sundry other creditors, on the ground that the affidavit was not filed within nine months after the declaration of insolvency. The attorney of said Carhart, Brothers & Co. then testified, on oath, "that said claim was duly filed, as marked thereon; that it was withdrawn from the file, for the purpose, as stated at the time, of having affidavit made thereto; and affiant states, as his best recollection and belief, that the same, with the affidavit attached, was returned to the file before the expiration of the nine months." The objection to the claim was then withdrawn, and no other objection to its allowance was interposed, either by the administrator, or by any of the other creditors of the estate. "This being the condition of said claim, and all the testimony for or against the allowance thereof, the court nevertheless rejected said claim, 1st, on the ground that said affidavit was not filed within nine months from the declaration of insolvency; and, 2d, that the name of said Joseph C. Lawrence, before whom said affidavit purported to have been taken, does not appear, as commissioner for the State of New York, on the list of commissioners for the State of Alabama, resident in other States, furnished to said probate court of Sumter by the secretary of state." This ruling of the court, to which an exception was reserved, is the only matter now assigned as error.

A. A. COLEMAN, for the appellants.

TURNER REAVIS, *contra.*

STONE, J.—The act of 1843 was construed, in Hollinger v. Holley, 8 Ala. 454. It was there held, that a claim against an insolvent estate must be filed within six months after the declaration of insolvency; and that a failure to comply with this requirement of the statute could be taken advantage of at any time before, or on the settlement. The clause which required "every such claim to be verified by the affidavit of the claimant," received a different construction. In reference to this verification by the oath of the claimant, the rule declared by that and subsequent decisions of this court was, that a claim which was filed in time should not be rejected for an omission of the affidavit, "where no exception is taken to the claim in the mode pointed out by the act." It was further ruled under that statute, that even after objection on this account, the affidavit might be made at any time before or on the day of settlement.—See Clay's Dig., 194, §§ 10, 11; Bartol v. Calvert, 21 Ala. 42; Gaffney v. Williamson, *ib.* 112; Hogan v. Calvert, *ib.* 194; Brown v. Easly, 10 Ala. 566; Easly v. Shortridge, 10 Ala. 520; Cook v. Davis, 12 Ala. 551; Campbell v. Campbell, 11 Ala. 730; Brazier v. Lile, 13 Ala. 524.

The provisions of the act of 1843 are substantially different from the sections of the Code which bear on this question. While the former is, in its terms, imperative only as to the matter of *filing* the claim within six months, the latter couples the verification with the act of filing, and constitutes both acts *necessary pre-requisites* to the validity of the claim against the insolvent estate. Its language requires that "every person, having any claim against the estate so declared insolvent, must file the same in the office of the judge of probate within nine months after such declaration, or after the same accrues, verified by the oath of the claimant, or some other person who knows the correctness of the claim, and that the same is due; or the same is forever barred."—§ 1847.

We hold, then, that unless the claim, *with its verification,*

is filed within the nine months, the "objection" provided for by section 1854 of the Code is not the only mode of controverting the right to have the claim allowed. As was ruled under the act of 1843, on the matter of filing claims, this objection may be made at any time before, or on the settlement.—Pickle v. Ezzell, 27 Ala. 623.

We differ with the primary court, in the construction of section 1849 of the Code. That section provides, in cases like the present, that "the oath may be made before a notary public, justice of the peace, or any judge of a court of record, or a commissioner of this State." The question arises, in what manner is the court to be informed that the person who certifies the affidavit is in fact the officer he assumes to be? Evidently the legislature did not suppose that our courts should judicially have knowledge of the official character of the certifiers. We could not know who are judges of courts of record, holding commissions under other States. We think that, in all cases, except when the oath is made before a justice of the peace, the Code makes the certificate *prima-facie* evidence of the existence of every requisite to a valid oath; viz., that the oath was taken, and before a lawful officer. We are led to this conclusion by the familiar maxim, *inclusio unius est exclusio alterius*. The section we are considering provides, that when the oath is "made before a justice of the peace, [in another State,] it must be certified that such officer was a justice of the peace, and that his attestation is genuine, by some judge of a court of record, or a commissioner of this State." The same section declares, that when the oath is "made before either of the other officers specified in this section, no other proof of the taking of such oath is necessary, than the certificate of such officer." "A commissioner of this State" is one of the *officers specified* in this section, and we think his certificate makes out a *prima-facie* case of verification under the statute.

We do not hold that the certificate of one styling himself commissioner, notary public, or judge of a court of record, would be conclusive evidence of the fact. The presumption might be overturned by proof.

On the question of fact pronounced upon by the probate

court, the testimony was not very full. The entire proof consists in the record fact, that the affidavit was taken in the city of New York, on the 24th February, 1857; that the nine months expired about five days afterwards; and the evidence of the attorney, that according to his best recollection and belief, the affidavit was filed in the court within the nine months. We know of no rule of law, which would enable the probate court or this court to take judicial knowledge of the distance between the two points, New York city, and Livingston in this State. Nor can we know that the claim could not be carried from one point to the other within the time specified. On the few, simple facts in the record, unaided by others, we think a jury would have found that the affidavit was filed in time; and we think the probate judge should have drawn the same conclusion from the evidence.

The judgment of the probate court is reversed, and the cause remanded.

WALKER, J., dissents on the first point ruled in this case.