## SHARP'S EXECUTORS vs. HERRIN'S ADM'R.

[SCIRE FACIAS ON DECREE OF PROBATE COURT.]

1. *Decree against executor's personal representative may be revived.*—A decree of the probate court against the personal representatives of a deceased executor, under the act of 1854, (Session Acts 1853-4, p. 24,) may be revived by *scire facias*, when no execution was issued on it within a year after its rendition.

2. *Revivor barred by declaration of insolvency, and failure to file claim.*—Such a decree cannot be revived after the estate of the deceased executor has been declared insolvent; not having been filed as a claim against the estate like ordinary claims are required to be filed.

3. *And by rejection of claim because not filed in time.*—The disallowance of such decree by the probate court, as a claim against the estate of the deceased executor, on the ground that it was not filed within the time required by law, is a bar to the revivor.

4. *And by final settlement and discharge of personal representatives.*—The revivor of such a decree is also barred by the final settlement and discharge of the personal representatives of the deceased executor, after the declaration of insolvency, and the continuance of one of them as the representative of the estate, to whom the assets were delivered.

APPEAL from the Probate Court of Macon.

IN this case, Jefferson R. Herrin, as administrator with the will annexed of William Herrin, deceased, sued out a *scire facias* on the 24th June, 1856, to revive a decree of the probate court, which was rendered on the 24th May, 1854, and which was described in the *sci. fa.* as a "judgment for $23,487 02 against Arnold Seale and Jehu Sharp, executors of William Sharp, deceased, in favor of Jefferson R. Herrin, administrator with the will annexed of William Herrin, deceased." Arnold Seale, against whom alone the decree was sought to be revived, demurred to the *scire facias*, on the ground (with others) that the decree was not such as the statute authorized to be revived in this manner. The demurrer was overruled, and the defendant then interposed five pleas, to each of which the court sustained a demurrer. From these pleas it appears, that letters testamentary were granted by said probate court, on the 10th September, 1847, to said William Sharp, as the executor of William Herrin's will; that said Sharp continued to act as executor up to the time of his death, and died without making a settlement of his executorship; that on the 15th September, 1852, the last will and testament of said Sharp was admitted to probate by said probate court, and letters testamentary thereon were granted to Arnold Seale and Jehu Sharp, the executors named in said will; that on the 16th October, 1852, said probate court granted letters of administration *de bonis non, cum test. ann.*, on the estate of said William Herrin, to Jefferson R. Herrin, who afterwards (at what particular time is not shown) instituted proceedings against the executors of said William Sharp, to compel a settlement by them of their testator's executorship on the estate of said William Herrin; that this proceeding terminated in the decree now sought to be revived, on which no execution had been issued; that said executors afterwards reported the estate of their testator, the said William Sharp, insolvent, and it was so declared by said probate court on the 8th January, 1855; that said decree was not filed as a claim against the estate

of said William Sharp until after the expiration of nine months from the declaration of insolvency, and was, on that account, rejected and disallowed by said probate court as a claim against said estate; that on the 14th January, 1856, the executors of said Sharp made a final settlement with said probate court of their administration on said Sharp's estate, and delivered over all the assets to said Arnold Seale, who was continued by the court as the representative of the estate, in consequence of the failure of the creditors to nominate an administrator.

The defendant's first plea stated the facts connected with the rendition of the decree sought to be revived, and averred that it was not such a judgment or decree as could be revived by *scire facias;* the second set up the failure to file the decree as a claim against Sharp's estate, within nine months after the declaration of insolvency, as a bar to the revivor of the decree; the third set up the final settlement of the executors, after the declaration of insolvency, as a bar to the revivor; the fourth insisted on the disallowance and rejection of the decree by the probate court, on account of the failure to file it within nine months after the declaration of insolvency, as a bar to the revivor; and the fifth averred, that the decree against the executors was joint, and could not be revived against Seale in the absence of his co-executor, who had not been cited.

The errors assigned in this court were, the overruling of the demurrer to the *scire facias,* and the sustaining of the demurrer to the several pleas. By an agreement of record between the counsel of the respective parties in this court, formal defects in the *scire facias* and pleas were waived, and four questions were submitted to this court for decision—to-wit: "1. Can such a judgment be revived on *scire facias?* 2. Can it be revived after the declaration of insolvency, the claim not having been filed as ordinary demands are required to be filed against insolvent estates? 3. Is not the disallowance of the claim by the probate court, when it came to determine upon the claims after the expiration of nine months from the decree of insolvency, as shown in the record, a

bar? 4. Is the decree of the court declaring the estate insolvent, the settlement of the executors, and 'the continuance of Seale as the representative thereof,' a bar to the revivor?"

CLOPTON & LIGON, for the appellant.

WM. P. CHILTON, contra.

RICE, C. J.—The *scire facias* was sued out from the probate court of Macon county, to revive a judgment which is therein described as a judgment rendered by said court on the 20th May, 1854, for $23,487 02, in favor of Jefferson R. Herrin, administrator with the will annexed of the estate of William Herrin, against Arnold Seale and Jehu Sharpe, executors of William Sharp, deceased. The parties have in this court expressly waived all questions except four, which are stated in the agreement attached to the record. The first of those questions is "can such a judgment be revived on *scire facias.*" To that question we respond in the affirmative; but, in doing so, we wish to be understood as not committed upon the question of the legal sufficiency of the *scire facias.*—Code, § 2419.

2. To the second question stated in the said agreement of the parties, we answer in the negative.—Code, §§ 1847, 1848; Holly v. Hollinger, 8 Ala. 454; Brasher v. Lyle, 13 Ala. 524; Campbell v. Campbell, 11 Ala. 730; Bartol v. Calvert, 21 Ala. 42; Hogan v. Calvert, 21 Ala. 194; Hunt v. Fay, 7 Vt. Rep. 143; McCollum v. Hinkley, 9 Vt. 143.

[3–4.] To the third and fourth questions stated in said agreement, we answer in the affirmative.—Saltmarsh v. Bird, 19 Ala. 665; Bartol v. Calvert, *supra;* and other cases cited *supra.*

We confine ourselves to the questions as stated by the parties. The answers we have given to them require us to declare, that the court below erred in sustaining the demurrers to the 2d, 3d and 4th pleas to the *scire facias,* and to reverse its judgment for those errors. We deem it unnecessary to decide now as to the sufficiency of pleas

33

numbered 1 and 5; because our decision on the other
pleas will probably dispose of the case.

For the error in sustaining the demurrers to the 2d, 3d
and 4th pleas, the judgment of the court below is re-
versed, and the cause remanded.