[Shiver, Ex'r v. Rousseau.]

# Shiver, Ex'r *v.* Rousseau.

*Action on Judgment against Personal Representative.*

1. *Declaration of insolvency before suit brought, a bar to the suit.*—The effect of a declaration of insolvency of the estate of a decedent, is to draw within the exclusive jurisdiction of the court of probate all claims, demands and liabilities chargeable on the assets, which are not the subject of pending suits, including judgments rendered against the personal representative, as such. In a suit, therefore, against the personal representative, founded upon a judgment rendered against him in his representative capacity, a plea setting up that the decedent's estate had been declared insolvent prior to the commencement of the suit, is good in bar of the action.

2. *Same; when plea defective.*—In a suit against a personal representative, a plea of the insolvency of the estate which does not show by affirmative averments, that the declaration of insolvency was prior to the commencement of the suit, is not good in bar of the action.

3. *Demurrer to plea of insolvency; when does not reach defect in the plea.*—An objection to a plea of insolvency, pleaded in bar of the action, that it does not affirmatively aver that the declaration of insolvency was prior to the commencement of the suit, can not be taken or allowed on demurrer, unless it is assigned as cause of demurrer.

4. *Plea of resignation by personal representative; when sufficient.*—In a suit against one as the personal representative of a decedent's estate, a plea by such personal representative is good in bar of the action, which avers that, before the commencement of the suit, he had resigned, made a final settlement of his administration in the court of probate, and had paid over to the judge of probate the balance in money ascertained to be due from him on such settlement, and that such balance was the only unadministered assets remaining in his hands.

APPEAL from Coffee Circuit Court.

Tried before Hon. H. D. CLAYTON.

On the 13th of August, 1880, J. E. Rousseau, the appellee, commenced suit in said court against Samuel Shiver as the executor of the last will and testament of Jacob Shiver, deceased, the appellant, on a judgment alleged to have been recovered against him as such executor at the spring term, 1866, of said court; and the minute entry of the judgment is set out in the complaint, in which it is ordered, that the judgment be certified to the probate court. It is averred in the complaint that the judgment is unsatisfied ; that the estate of said decedent had never been declared insolvent by the probate court, and that no execution had issued on said judgment. The defendant pleaded " in short by consent that the estate of said Jacob Shiver, deceased, has been declared insolvent by the Probate Court of Coffee county, Alabama,

and that this court has no jurisdiction of this cause, the judgment of the same having been transferred to said Probate Court by the order of this court." The defendant also filed two other pleas which were, in substance, that, prior to the commencement of the suit, he resigned as the executor of said testator, made a final settlement of his executorship in the Probate Court of Coffee County, in this State, in which " the administration of said executorship was pending," and that on his settlement a final decree was rendered thereon by said Probate Court, and that he had paid over to the judge of probate of said county the balance in money ascertained to be due from him to said estate on said settlement, and that such balance was the only unadministered assets remaining in his hands. To these pleas the plaintiff demurred. The grounds of demurrer to the plea of insolvency were: (1) That the defendant can not plead the insolvency of the estate as against the judgment sued on; and, (2) that the plea fails to show that the estate was declared insolvent before the judgment sued on was rendered. The grounds of demurrer to the other pleas were: (1) That the pleas fail to show that the defendant turned over the assets remaining in his hands to his successor; and (2) that the payment or delivery of such assets to the judge of probate did not discharge the defendant from liability therefor. The court sustained the demurrers to all the pleas, and the defendant saying " nothing further in bar or preclusion of the plaintiff's demand," a judgment was rendered for the plaintiff, from which this appeal is taken.

The errors here assigned are the rulings of the Circuit Court above noted.

W. D. ROBERTS, for appellant.

M. N. CARLISLE, contra.

(No briefs came to the hands of the reporter.)

BRICKELL, C. J.—1. The plea of insolvency of the estate is not good in bar to the action, as it does not by affirmative averments show that the declaration of insolvency was prior to the commencement of the suit. When during the progress of a suit against a personal representative, founded on a debt or demand or liability of the testator or intestate, the estate is declared insolvent, the fact may be pleaded specially; but the only effect is, that, if judgment is rendered on the other issues against the personal representative, execution thereon can not issue, and to the court of probate the judgment must

be certified for allowance. But if, before suit commenced, the estate has been declared insolvent, the insolvency forms a good plea in bar. The effect of the declaration of insolvency is to draw within the exclusive jurisdiction of the court of probate all claims, demands and liabilities chargeable on the assets, not the subject of pendings suits.—*Edwards v. Gibbs*, 11 Ala. 292. The want of an averment that the declaration of insolvency was prior to the commencement of this suit, is not, however, assigned as cause of demurrer. The causes assigned resolve themselves into the single proposition, that the insolvency of an estate is not pleadable in bar of an action founded on a judgment rendered against the personal representative. The proposition is erroneous.—*Sharp v. Herrin*, 32 Ala. 502. Such a judgment is a claim which must be filed in the court of probate, and if not filed, would be subject to the bar of the statute against claims not filed within nine months after the declaration of insolvency.

2. The remaining pleas show, that before the commencement of the suit the executor had resigned, and in the court of probate had made a final settlement of his administration, accounting for assets coming to his hands to be administered. The balance in money ascertained to be due on such settlement, it is averred, was. paid to the probate judge. The statute provides that "no executor nor administrator can allege his resignation in defense to any action or proceeding, without an averment that he has settled the accounts, and delivered over the assets of the estate, as required by law." (Code of 1876, § 2617.) The payment to the probate judge, of the decree rendered against the executor on final settlement, was authorized by the statute. (Code of 1876, § 699). For that balance, the only unadministered assets remaining in his hands, the administrator accounted as required by law, by the payment to the probate judge. It was not his duty to procure the appointment of a successor, that he might pay it over to him, nor could his relation or liability as executor be continued until the appointment of a successor was made. The demurrers to the several pleas were not well taken, and ought to have been overruled.

Reversed and remanded.