# Goree *v.* Wadsworth.

*Statutory Action in nature of Ejectment.*

1. *Power of attorney certified by non-resident officer.*—Under statutory provisions regulating the proof and acknowledgment of conveyances and powers of attorneys in other States (Code, §§ 1800–01), a power of attorney executed in Texas, and certified, in proper form, to have been there acknowledged before an officer who styles himself "J. P. and *ex officio* notary public," and affixes his seal of office in the same character, is admissible as evidence.

APPEAL from the Circuit Court of Elmore.

Tried before the Hon. JAMES R. DOWDELL.

This action was brought by James L. Goree, against W. W.

Wadsworth, to recover a tract of land particularly described in the complaint, with damages for its detention; and was commenced on the 17th December, 1888. The plaintiff claimed the land under a conveyance from L. G. Cousins and others, children and heirs at law of Moses G. Cousins, deceased; and he produced their deed of conveyance, which was dated the 9th February, 1887, and purported to be executed by W. P. Gaddis, as attorney in fact for each of them. He produced, also, said power of attorney, which was dated 21st January, 1887, executed in Texas, and certified in due form by an officer, whose certificate, or the material parts thereof, will be found in the opinion. The court below excluded this power of attorney as evidence, on objection by the defendant, and the plaintiff was thereby compelled to take a nonsuit, with a bill of exceptions.

W. P. GADDIS, and TOMPKINS & TROY, for appellant.

WATTS & SON, contra.

COLEMAN, J.—The two assignments of error are intended to bring before the court for review but one and the same question. The bill of exceptions states that the complainant offered in evidence a "power of attorney purporting to be signed" by the vendors of the land sued for. The defendant objected to the introduction of said power of attorney, "upon the ground, that the same did not appear to have been acknowledged before an officer authorized to take acknowledgments of deeds and powers of attorney under the laws of Alabama." The court sustained the objection, and excluded the power of attorney; and "to this ruling of the court the plaintiff excepted." The bill of exceptions states that "thereupon the *defendant* took a nonsuit." We consider the words "defendant took a nonsuit" a mere clerical error, as the record shows that it was the plaintiff who took the nonsuit. In fact the "defendant" could not have been nonsuited.

The proof shows that the vendors were resident citizens of Texas. Section 1801 of the Code provides, that "powers of attorney, or other instruments conferring authority to convey property, may be proved or acknowledged in the same manner, and must be received as evidence to the same extent, as conveyances." Section 1800 of the Code provides, that acknowledgments and proofs of conveyances may be taken within the United States, and beyond the State of Alabama, "by judges, . . . . notaries public," &c.

The certificate of acknowledgment begins, "Before me, J. .F
27

Towers, J. P., and *ex officio* notary public for Grayson county, Texas," and continues in regular form. It ends, "Given under my hand and seal of office, on this, the 21st day of January, A. D. 1887, J. F. Powers, J. P. and *ex officio* notary public, Grayson county, Texas ;" upon which is impressed his notarial seal, giving name, State, county and office, as required by our statute.—Code, §§ 1106, 1107.

A notary public is an officer long known to the civil law. At this day, in most countries, a notary public is one who publicly attests deeds or writings, to make them authentic in another country, but principally in business relating to merchants.—*Kirksey v. Bates*, 7 Port. 531 ; *Chandler v. Hanna*, 73 Ala. 394. At common law, a notary public was authorized to provide his own seal, and his notarial acts were verified by his official seal, in all commercial matters in which he was authorized to act. His common-law powers have been extended in most of the States and countries. The certificate, when made by a notary public, and attested by his official seal, is intended to be self-proving, for the law has made no provision for authenticating them.—*Hart v. Ross*, 57 Ala. 520; *Carhart Bros. v. Clark*, 31 Ala. 396. This authority is directly in point upon the *prima facie* admissibility of the certificate.

In this State, notaries public are appointed by the Governor; and in certain contingencies, a justice of the peace may perform the duties of a notary public.—Code, § 1111; Const. of Ala., Art. VI, § 26. Whether appointed by the executive of a State, or the manner of appointment is otherwise provided for by the law-making power of the State or country where his appointment is made, can make no difference. If properly appointed, by the law of the State or country in which he acts, he is to all intents and purposes a notary public ; and his acts within the scope of his authority, when authenticated or verified under the seal of his office, must be accepted as competent and sufficient proof of the facts verified to by him as such, until impeached in a proper manner.

Reversed and remanded.