# C. A. Stern & Co. v. T. A. Collier et al.
## (Two Cases.)

*Action of Assumpsit.*

1. *Rulings on motion to vacate an order in a judgment entry; should be shown by bill of exceptions.*—Where a motion to set aside and vacate an order contained in a judgment entry is overruled, and an exception is reserved thereto, such ruling, to be reviewed by the appellate court, must be presented by a bill of exceptions and when the transcript contains no bill of exceptions, presenting for review such ruling, which is the only question intended to be presented, the appeal will be dismissed.

APPEAL from the Circuit Court of Pike.
Tried before the Hon. JOHN R. TYSON.
These two cases involve identically the same questions,

[C. A. Stern & Co. v. T. A. Collier et al.]

and the records are in all respects similar, and they were, therefore, submitted together.

The suits were originally brought by the appellants, C. A. Stern & Co., against the appellees, and judgment was rendered for plaintiffs for a certain amount in each case. The judgment entries recited: "It being suggested that the estate of G. C. Collier, the intestate of T. A. Collier, was insolvent, it is ordered by the court that this judgment be certified to the probate court of this county, and no execution issue." There was a motion made by the plaintiffs in each case to set aside and vacate this order contained in the judgment entry, on several grounds. The motion was overruled, and it is stated that the plaintiffs excepted. These facts are gathered from the record proper, the transcript containing no bill of exceptions.

The opinion of the court makes it unnecessary to state the facts of the two cases at greater length.

CHARLES WILKINSON, for appellants.

WILKERSON & HUBBARD, contra.

McCLELLAN, J.—If the question intended to be presented in these cases was before us, we should probably hold that the circuit court erred in ordering that no execution issue on the judgments, and that they be certified to the probate court on the mere suggestion of defendant that the estate of his intestate "is insolvent." The fact that said estate had been *declared* insolvent should have been *pleaded*—not merely suggested—and proved.—Code, §§ 2250, 2251; *Dolberry v. Trite's Executor*, 49 Ala. 207; *Cunningham v. Lindsay*, 77 Ala. 510.

But the question is not presented by this record. We find in the transcripts motions to set aside the orders, denials of the motions, and recitations that "moveant excepted." None of these matters belong to the *record* of the court below. They could only be made a part of the record for the purposes of appeals by bills of exceptions. Neither one of the transcripts contains a bill of exceptions. We are not allowed to consider these matters unless they are certified to us in the only way provided by law—incorporated in bills of exceptions, signed by the presiding judge and transcribed and certified to us by the clerk of the court.

No question being reserved, each of these appeals must be dismissed.