# Lavergne v. Evans Bros., Construction Co.

*Action to Enforce Mechanics' and Materialman's Lien.*

(Decided April 7, 1910.   52 South. 318.)

1. *Mechanics' Lien; Proceedings to Enforce; Scope of Relief.*— One furnishing material and labor may obtain in one action a lien and a general judgment against the contracting owner or his personal representative, though he may have but one satisfaction; and on a complaint against the administrator on a special contract for the agreed price of materials furnished and work done under a contract with decedent and for the enforcement of a mechanic's lien, a plaintiff may have a judgment of both characters, or failing to establish his lien may have a personal judgment only.

2. *Same; Admissibility of Evidence.*—In a proceeding against an administrator to enforce a mechanics' lien for materials furnished and work done for his intestate, a writing, identified by a certificate of the judge of probate as the original statement of lien filed in his office, was admissible to show a compliance with the statute creating the lien, but not being itemized and verified by affidavit and certified by a competent officer, it was not evidence of the correctness of the account, or of the value or contract price of the materials furnished or work done, or of the value of the buildings erected. (Section 3970, Code 1907.)

19—166

[Lavergne v. Evans Bros. Construction Co.]

3. *Same; Statement of Lien; Owner.*—Where the proceedings were against an administrator to enforce mechanics' lien on the premises where the interest held was that of a leasehold, the administrator was properly described as the owner or proprietor, since a leasehold is a chattel real and descends to the administrator.

4. *Same; Sufficiency of Statement.*—It is not necessary to the perfecting of a mechanics' lien that the statement set out the nature and extent of the owner's title nor that the nature and extent of the owner's interest to be proven.

5. *Same; Time of Attaching.*—Under sections 4754-4784, Code 1907, a mechanics' lien or material-man's lien attaches from the commencement of the building or improvement, subject to be defeated if the claim be not verified and filed within the time prescribed.

6 *Same; Suit Against Administrator; Pleading.*—Where the complaint was against the administrator of the owner of premises seeking to recover on a contract with the owner made in his lifetime for the performance of work and labor upon, and the furnishing of materials for, a building, and to enforce a mechanics' lien a plea averring a decree of the probate court declaring the estate to be insolvent after suit brought though not an answer to the part of the complaint seeking a lien, and not a bar to the part seeking a judgment against the personal property of the decedent which might come into the hands of the administrator, so that, if judgment could be rendered on other issues against the administrator, execution could not issue, and the judgment would have to be certified for allowance to the probate court under section 2794, Code 1907, and section 2794, Code 1907, it was something more than a mere suggestion and should have been permitted to remain on the files as a plea to protect the administrator.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by the Evans Brothers Construction Company against L. B. Lavergne, administrator of the estate of L. N. Archer, deceased, to enforce a mechanics' and materialman's lien and for a judgment against the personal representative. Judgment for plaintiff and defendant appeals. Reversed and remanded.

STERLING A. WOOD, for appellant. The general charge should have been given for the defendant. It was not shown that the administrator was the owner or proprietor of the building or the lessee of the lot.—*Touart v. Y. P. L. Co.*, 128 Ala. 61. It is further submitted that there was not sufficient evidence to sustain the

[Lavergne v. Evans Bros. Construction Co.]

charge of the court.—*Merrill v. Smith,* 48 South. 495;
*Gulf City Co. v. L. & N.,* 121 Ala. 621; *Talladega I. Co.
v. Peacock,* 67 Ala. 253. The lien was not filed in time,
nor is there authority for filing a lien against an ad-
ministrator. The court erred in striking the plea of
insolvency.—Secs. 2794-5, Code 1907; *Stern v. Collier,*
101 Ala. 424; *Cunningham v. Lindsey,* 77 Ala. 511;
*Coffee v. Norwood,* 81 Ala. 814. The court erred in
rendering the verdict as there was no evidence to sup-
port the judgment rendered.—*Goldstein v. Lake,* 138
Ala. 573; *Copeland v. Kelroe,* 57 Ala. 394; *Hughes v.
Torgerson,* 96 Ala. 349; *Roman v. Thorn,* 83 Ala. 443.

E. C. CROW, for appellee. The court did not err in
sustaining demurrers to the plea in abatement.—Sec.
4779, Code 1907, nor in sustaining demurrers to the
plea of insolvency.—*Woodall v. Wright,* 142 Ala. 210;
*Finn v. Barbour,* 63 Ala. 533; *Reed v. Nash,* 23 Ala.
739. There was no error in decreeing a lien.—Section
4756, Code 1907. The lien was admissible in evidence.
—Section 4758 and 5367-8, Code 1907.

SAYRE, J.—Suit was brought on February 13, 1909,
against the appellant as the administrator of the estate
of L. N. Archer, deceased. The complaint, after elim-
ination of the common counts by amendment, went
upon a special contract for the agreed price of materi-
als furnished and work done under a contract with
the deceased, and for the enforcement of a mechanics'
and materialman's lien under the statute.—Code, §§
4754-4784. The complaint, as thus amended, alleged
that the contract had been entered into and materials
had been furnished and work done for the erection,
etc., of a certain building on a lot therein described,
on October 27, 1908. In addition to the general issue,

a special plea was interposed setting up a decree of the probate court, rendered March 16, 1909, declaring the estate of defendant's intestate to be insolvent, and to this plea the court sustained a demurrer.

The mechanic or materialman who furnishes labor and material is entitled to pursue in one action his lien and a general judgment against the contracting owner or, in a proper case, his personal representative, though he may have only one satisfaction. On a complaint, fashioned as was the complaint in this case, the plaintiff may have a judgment of both characters, or, failing to establish his lien, may have a personal judgment only.—*Bedsole v. Peters,* 79 Ala. 133. Under the statute the lien of mechanic and materialman attaches from the commencement of the building or improvement, subject, however, to be defeated and lost if the claim be not verified and filed with the judge of probate within the time prescribed.—*Welch v. Porter,* 63 Ala. 225. The complaint alleged a contract with the owner in his lifetime, the performance of work and labor upon, and the furnishing of material for, the building, on October 27, 1908, and the filing of a verified statement on November 28th of the same year. To that aspect of the complaint which sought a lien the plea of insolvency was therefore no answer. Nor could it operate as a plea in bar to so much of the complaint as sought or would justify a judgment running against the goods and chattels of the decedent which might come into the hands of his personal representative, since it averred a declaration of insolvency after suit brought; nor was it intended to have that effect. The only effect of such a plea in answer to the last-mentioned aspect of the complaint is that, if judgment be rendered on other issues against the personal representative, execution cannot issue, and the judgment must

be certified for allowance to the probate court.—Code, §§ 2793-2796; *Shiver v. Rousseau*, 68 Ala. 564. While the plea of insolvency pending the suit was not a good plea in bar for the reason indicated, as well as for the reason that it did not answer the entire complaint nor any certain part of it, it was something more than a mere suggestion (*Stern v. Collier*, 101 Ala. 424, 14 South. 477), and it was necessary that it should remain upon the file as a plea for the protection of the personal representative. There was therefore error in the judgment on demurrer which took the plea from the file.

Archer died October 30, 1908. The statement of lien filed in the probate court November 28, 1908, and offered in evidence at the trial, refers to Louis B. Lavergne, as the administrator of the estate of L. N. Archer, deceased, as the owner or proprietor of the lot upon which the building was located. The leasehold interest was a chattel real and descended to the administrator, so that he was properly described as the owner or proprietor thereof.

The statute provides a lien for every mechanic, person, firm, or corporation who shall do or perform any work or labor upon, or furnish any material, fixture, engine, boiler, or machinery for any building or improvement on land or for repairing altering, or beautifying the same, under or by virtue of any contract with the owner or proprietor thereof. There is no requirement that the contract shall be in writing. The evidence adduced afforded a sufficient basis for a finding by the jury that the material for which a lien was claimed had been furnished and the building erected under a contract with the then owner of the leasehold interest. Likewise, it was for the jury to say whether the value of the work done and material furnished had

been proven. There was indorsed on the complaint a statement that the account upon which the suit was brought was verified by affidavit. At the trial the plaintiff was permitted to introduce in evidence a paper writing, identified by a certificate of the judge of probate as the original statement of lien which had been filed in his office. This claim of lien and the indorsements thereon by the judge of probate was competent for the purpose of showing a compliance with the statute creating the lien, but was not admissible under section 3970 of the Code as evidence of the value or contract price of materials furnished nor of the value of the building, erected for the reason that it was not itemized.—*Sullivan Timber Co. v. Brushagel*, 111 Ala. 114, 20 South. 498. If the defendant apprehended that the statement of lien would be accepted as evidence of the amount due under the contract, that apprehension might have been relieved by special instruction to the jury. As it was, the evidence going to show the value of the materials and improvement was not entirely clear, it may be conceded; but we are unable to say that the jury could not, upon due consideration, arrive at a reasonably satisfactory conclusion as to a minimum due, nor that the amount fixed by the verdict was in excess of that minimum.

We are of opinion that it was not necessary to the perfecting of a lien under the statute that the statement should set out the nature and extent of the owner's title; nor was it necessary to adduce proof of the nature and extent of the alleged owner's interest, for, in any event, only such interest as he had could be subjected to the lien. The statute confers a lien on land and on buildings and improvements to the extent in ownership of all the right, title, and interest therein of the owner or proprietor.

For the error indicated, the judgment must be reversed.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.