[Wildman v. Evans Brothers Construction Co., et al.]

# Wildman *v.* Evans Brothers Construction Co., *et al.*

## *Trespass to Land.*

(Decided January 16, 1912. Rehearing denied February 15, 1912. 57 South. 831.)

1. *Trespass; Reversal; Trespass After Warning.*—Under section 4756, an entry to remove a building under the sale, which entry was accomplished in a reasonable manner, and with due regards to the rights of the occupant cannot be considered a violation of the criminal statute denouncing trespass after warning, nor will the subsequent reversal of the judgment giving the lien relate back so as to make the entry a trespass, where such judgment had not been superseded on appeal.

2. *Mechanics' Lien; Sale of Building; Entry to Remove; Expiration of Lease.*—No exception is made by section 4756, Code 1907, where the entry and removal were after the lease had expired, and the premises had passed into the possession of the owner or another lessee, and the happening of such an event would not render the purchaser a trespasser.

3. *Same; Enforcement; Redemption; Who May Redeem.*—Under sections 4756 and 4757, Code 1907, the lessor may, by payment of the amount secured, retain the building before sale to enforce the lien, or after sale by paying the value of the building, but this gives the right only to the lessor that he may preserve the premises in their improved condition, and a lessee with no showing of special authority is without right to redeem.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by Thomas H. Wildman against Evans Brothers Construction Company, and others, for damages for trespass to land by entry and removal of building. Judgment for defendant and plaintiff appeals. Affirmed.

FRED S. FERGUSON, and STERLING A. WOOD, for appellant. Any person injured by the criminal act of another has his action for damages caused by the criminal act.—*Miller-Brent L. Co. v. Stewart,* 166 Ala. 657; *Morris v. McClellan,* 169 Ala. 90; *Smith v. Gafford,* 31

Ala. 45; 3 Main. 458; 67 Mass. 83. The act of defendant was criminal under section 2454, Code 1907.—*Davis v. The State*, 146 Ala. 120. Section 4757, Code 1907, is a remedial law and must be liberally construed, and cannot have the effect of robbing the plaintiff of his right of action, nor can section 4727, serve to render the act justifiable.—*Brunson v. The State*, 140 Ala. 201. The offer to pay the value of the house completely defeated the defense attempted to be set up. While the judgment is not superseded, it was reversed, and had the effect of destroying the lien under which justification is sought, and neither the sheriff's deed nor a perfect title would justify a going upon the premises after the warning.—*Marbury L. Co. v. Lamont*, 169 Ala. 33; *Arrington v. The State*, 168 Ala. 143; *Rundle v. The State*, 155 Ala. 121; *Bright v. The State*, 136 Ala. 139. The right given the lessor to pay the holder of the lien the value of the house implies the duty of the latter to accept the payment or to refrain from destroying the building.—97 Md. 480; 98 Ill. App. 304; *Goodson v. Stewart*, 154 Ala. 660.

A. LATADY, for appellee. The defendant was justified in his action by the right given by the statute to remove the building.—Section 4756, Code 1907; *Zimmerman Mfg. Co. v. Daffin*, 149 Ala. 381; *Burns v. Campbell*, 71 Ala. 271; *Street v. Sinclair*, 71 Ala. 110. The cases cited relative to trespass after warning have absolutely no application. Section 4757, does not give the right to redeem to the lessee, but only to the lessor. The judgment was not superseded and its reversal did not relate back so as to defeat the lien, and hence, it was admissible as showing defendant's right.—*McDonald v. Mobile L. Co.*, 85 Ala. 358. In trespass, a defense based on legal authority must be specially pleaded, not-

withstanding it may be shown under the general issue in mitigation of damages that a defendant supposed the authority to be valid, when it was invalid.—*Barrett v. City of Mobile,* 129 Ala. 179; *Stevenson v. Wright,* 11 Ala. 579; *Boggan v. Bennett,* 102 Ala. 400; *Womack v. Bird,* 63 Ala. 500; s. c. 51 Ala. 505.

SAYRE, J.—Appellant sued appellees in an action of trespass to land. In the second count of his complaint he added to the Code form for such cases an averment that the alleged trespass was committed after defendants had been warned in writing not to go upon the premises. Appellees defended on the ground that the Evans Bros. Construction Company had recovered a judgment in a court of competent jurisdiction against Louis B. Lavergne, as administrator of L. N. Archer, deceased, who had been in possession under a lease from the owner, by which judgment a lien was declared in the company's favor upon the building described in the complaint and the unexpired term of Archer's lease of the premises; that he had bought the unexpired term and the building at execution sale had for the satisfaction of his judgment; and that thereafter the defendant Evans acting as the agent of the company, and electing to remove the building from the premises, as provided by section 4756 of the Code of 1907, had entered for that purpose, and had removed the building to the same extent exactly as alleged in the complaint, as he had a right to do, and that without this defendants were guilty of the wrong and injury complained of by the plaintiff. If so much of section 4756 as provides that the purchaser in such case, "may, within sixty days after the sale, remove such building or improvement from the premises," is to be given effect, it means that the purchaser, in a reasonable manner and in the due

observance of the rights of the occupants, may enter and remove the building or improvement. "Nullus videtur dolo facere qui suo jure utitur." The fact that defendants had been warned not to go upon the premises puts no different aspect upon the rights of the parties. The statute conferring the lien and right to remove gave defendants legal cause or good excuse for entering, so that they did not thereby violate the criminal statute against trespass after warning. And this was the view taken by the court below.

By special replications plaintiff sought advantage of several matters in avoidance of the defense interposed. He set up that the judgment under which the construction company claimed a lien, and in execution of which it had bought the building, had been reversed and annulled by the Supreme Court. 166 Ala. 289, 52 South. 318. But the fact appeared to be, and nothing to the contrary was averred in the replications, that the judgment was reversed after the trespass complained of. That judgment had not been superseded on appeal, and, though the appeal was pending at the time, plaintiff there, defendant here, was entitled to have it executed, and by purchasing the building became vested with the right afforded by section 4756 of the Code, subject to the right of defendant in that case to restitution in the event of a reversal. In entering for the reasonable assertion of rights conferred by the judgment while yet it was in force and unreversed, defendant company and its agent were not guilty of a trespass, even though the leasehold of the defendant had expired and the premises had passed into the possession of the owner of the fee or another lessee. No exception is made of the purchaser's right in such case, nor can we ingraft exception upon the statute.

[Wildman v. Evans Brothers Construction Co., et al.]

Plaintiff also sought to show that, after the sale, he had tendered to the defendant company the value of the building as provided by section 4757 of the Code of Alabama. But section 4757 of the Code gives that right to the lessor, because, no doubt, presumably he is the owner of the premises and interested in preserving the premises in their improved condition. Plaintiff had no right under the statute as against the defendant, and in tendering the value of the building was a volunteer. Nor did the averment of the third special replication that plaintiff made the tender "as the representative of the lessor" put a different aspect upon the case. The context goes to show that plaintiff's claim to represent the lessor was grounded upon the fact that he (plaintiff) was at the time lessee of the premises, nor does it otherwise appear in the replication that plaintiff had authority to act for the lessor except as a lessee may act for his lessor by virtue of the relation without more. The plaintiff's replication did not put him within the statute. Certainly the plaintiff had no right under the statute nor by any principle of general law to acquire the ownership of the building from the defendant company unless with the defendant's consent. Nor, without express power of attorney to that end or an agency to be implied from facts, the bare relation of lessor and lessee being insufficient for that purpose, could plaintiff rightfully demand that he be allowed to redeem the building for his lessor.

The trial court held to these views. The evidence as to controlling facts was without contradiction, and the court properly gave the general charge for the defendant. All else was of no consequence. The judgment was correct, and will be affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.