## HOOKS ET AL. *vs.* THE BR. BANK AT MONTGOMERY.

1. The statute, giving damages at the rate of ten per cent. on the affirmance of judgment in this court, when the defendant below is the plaintiff in error and has superseded the judgment, applies to judgments for specific money demands only, and does not embrace judgments of condemnation in trials of the right of property.

2. A judgment in this court, which awards ten per cent. damages on affirmance of a judgment of condemnation in a trial of the right of property, is too uncertain to enable the clerk of the court below to compute or ascertain the amount of damages, and to that extent is consequently void.

3. The bond prescribed by the 3d section of the act of 1828, (Clay's Dig. 213,) regulating trials of the right of property, was merely intended to secure to the plaintiff the value of the property as assessed by the jury, if that value be less than the amount of the judgment, and if as much or more, the amount of the judgment itself. The act does not in any manner alter the character of the judgment of condemnation, or authorise this court to award ten per cent. damages on its affirmance.

ERROR to the Circuit Court of Macon. Tried before the Hon. John J. Woodward.

McIVER and RICE, for the plaintiffs in error.

COCKE, for the defendant.

DARGAN, C. J.—An execution in favor of the Branch Bank at Montgomery against Peter C. Harris et al. was levied on certain slaves, which were claimed by Marshall Hooks, and bond was given to try the right of property. On the trial the slaves were condemned as liable to the execution, and their value was assessed by the verdict of the jury. The claimant sued out a writ of error to this court, and superseded the judgment of the Circuit Court by giving bond and security. The judgment of the Circuit Court was affirmed by this court, and the Bank was adjudged to recover its costs against Marshall Hooks, the claimant. The clerk of this court, however, issued his certificate to the court below, which purports to recite the judgment of the Circuit Court that was affirmed, and also certifies that it was considered by this court that the defendant in

error recover against the plaintiff in error and his security in the writ of error bond, ten per cent. damages thereon, with interest. Upon this certificate, the clerk of the Circuit Court issued an execution for two hundred and ninety dollars, being ten per cent. on the amount of the value of the slaves, as assessed by the jury, against the claimant and his security in the writ of error bond, who moved the Circuit Court to quash the execution, but their motion was *overruled.*

1. We think it too clear to admit of doubt that this court can only award ten per cent. damages upon affirming the judgment of an inferior court, when the judgment of the inferior court is for a specific monied demand, for it is only on such judgments that we can compute or ascertain damages at the rate of ten per cent. The language of the act, that authorises this court to render judgment for damages on the judgment affirmed, is as follows: "In case the Supreme Court of Errors and Appeals shall affirm entirely any judgment, or decree, brought before it, the plaintiff in error, if he be defendant in the court below, shall pay to the defendant in error ten per cent. damages on the amount due, with lawful interest from the time of rendering the final judgment, or decree." It is apparent from this act, that this court can only add damages to the judgment which is affirmed, when that judgment is for a specific sum of money, and as the judgment of the Circuit Court was not for a monied demand, but was simply a condemnation of the slaves to the satisfaction of a debt, this court could not award damages thereon at the rate of ten per cent.

2. But it is contended that, as the certificate of the clerk of this court shows that damages were allowed by the judgment of this court, the Circuit Court did not err in overruling the motion to quash, because the certificate was the only evidence before the court below of the judgment that had been here rendered. It is true that our judgments can only be made known to the inferior court through the certificate of the clerk of this court, and it is, therefore, of the highest importance that they should be correctly certified to the courts below. But if we admit that the certificate correctly recited the judgment we had rendered, or attempted to render, still it is manifest that no execution could have been issued for the damages, because the judgment of the Circuit Court, which had been affirmed, as

shown by the certificate, was simply the condemnation of the slaves, and not for a specified monied demand; consequently, no per centage, by way of a monied demand, could be computed by the clerk of the Circuit Court on the judgment that had been affirmed. The judgment of the Circuit Court was that the *slaves be condemned* to the satisfaction of the execution. We had no authority to add damages to this judgment, and although the certificate of the clerk shows that we *attempted* to add damages, at the rate of ten per cent., yet as these damages cannot be computed or ascertained, this portion of the judgment as certified is void for uncertainty, and will not authorise the issuance of the execution.

3. But it has been argued that the plaintiff in the execution was entitled, upon affirmance of the judgment of the Circuit Court, to *ten per cent.* on the value of the slaves as assessed by the jury, under the 3d section of the act of 1828, regulating the trial of the right of property. The language of the clause of the act relied on is as follows: "If either party shall appeal or sue out a writ of error and wish to supersede the judgment, bond and security shall be given to the adverse party in double the value of the property levied on, if said value shall be less than the amount of the execution; but if as much or more, then the bond shall be in double the amount of the judgment and the damages given for delay." It is sufficient to say that the bond contemplated by this clause of the act was intended to secure the value of the property as assessed by the jury, if that value be less than the amount of *the judgment*, but if as much or more, then the amount of the judgment itself, with such damages as the jury had assessed on the trial for delay. But it does not in any manner alter the character of the judgment, or authorise this court to render ten per cent. damages on the value of the slaves.

We think it clear that the court erred in refusing to quash the execution, and its judgment must be reversed and the cause remanded.

CHILTON, J., not sitting.