178 So. 540

**HARDEN et al. v. WOOD LUMBER CO.**

**6 Div. 131.**

Supreme Court of Alabama.

Jan. 27, 1938.

London & Yancey and Fred G. Koenig, Sr., all of Birmingham, for appellee.

J. Wiley Logan, of Birmingham, for appellants.

FOSTER, Justice.

This is the third appeal in this case. Wood Lumber Co. v. Greathouse, 230 Ala. 362, 161 So. 236; Id., 226 Ala. 644, 148 So. 125.

The record on this appeal is abridged, and, as counsel argue in brief, the purpose is to have certain contentions in respect to section 8834, Code, cleared, and see if the former opinions on this appeal do not collide with the interpretation heretofore given section 8833, Code.

There was no testimony offered on this appeal, but the facts were agreed.

Demurrer had been sustained to the cross-bill and it was dismissed, and that decree is not here assigned as error. The final decree awarded a personal judgment against Greathouse, the lessee and debtor to complainant, and granted a materialman's lien to complainant upon the improvements only, allowing the lessor to satisfy it if he saw proper under section 8835, Code, and in default to sell the improvements, giving the right to the purchaser to remove them within ninety days.

In view of the conclusion we have reached, we think it is only necessary to set out paragraphs 1, 2, 3, and 4 of the agreed facts, as follows:

"1. That respondent, J. O. Greathouse, was legally a lessee of the respondents, C. J. Donald and J. I. Hardin, of the lot or real estate,· set out and described in the original bill of ·complaint, at the time the complainant sold the material, used in the building on said lot, to said Greathouse, and at said time was in possession of said real estate as such lessee, and that the erection of said building on said lot was not in violation of the terms or conditions of the said lease.

"2. That said J. O. Greathouse owed to the complainant a balance of Nine Hundred Sixty-eight and 16/100 ($968.16) Dollars on the 21st day of January, 1929, for said building material sold to him by the complainant and used by him in said building.

"3. That the complainant filed its claim of· a lien to secure said indebtedness of Nine Hundred Sixty-Eight and 16/100 ($968.16) Dollars in the office of the Judge of Probate of Jefferson County, Alabama, on the 20th day of April, 1929, and that 'Exhibit A' in the original bill of complaint in this cause is a true and correct copy thereof.

"4. That with the exception of ·complainant's claim of lien thereon, and with the exception of the rights in connection with said premises of the said J. O. Greathouse as lessee of C. J. Donald and J. I. Hardin, the respondents, C. J. Donald and J. I. Hardin, owned said lot and said building at the time the complainant filed its original bill of complaint in this cause."

The first contention made is that the court, under section 8834, Code, may and should as well order a sale of the lot as under section 8833, relating to the priority of a mortgage already on the lot; and contending that the court cannot order a sale of the improvements without a sale of the whole of the property so as to adjust the rights of all parties.

. The right to decree a sale of the improvements apart from the lots is especially provided in both features of the law.

. The theory, as we understand the brief, is that under section 8834, Code, there is no lien created on the interest of the lessor and cannot be. Woodson v. Wilson, 25 Ala.App. 241, 144 So. 122; 'First Ave. Coal & Lumber Co. v..McWilson, 182 Ala. 276, 62 So. 531.

But, as the contention extends, this court, in the interpretation of section 8833, as amended by Gen.Acts 1933, Ex.Sess., p.

54, which also provides for a sale of the improvements only, has held that the court of equity has the power to sell the land as well as the improvements to adjust the equities between the lienor and a prior mortgagee, and, therefore, it should be done in administering section 8834, Code, also, with like features in that respect, and should not sell the improvements without the freehold.

It is true that we have so held in decreeing the rights of the respective lienholders, though the prior mortgagee has not so prayed, when the improvements cannot be removed without virtually destroying it. Baker Sand & Gravel Co. v. Rogers Plumbing & Heating Co., 228 Ala. 612, 154 So. 591, 102 A.L.R. 346; Becker Roofing Co. v. Wysinger, 220 Ala. 276, 124 So. 858; Grayson v. Goolsby, 224 Ala 75, 139 So. 106.

But section 8832, Code, confers a lien on the improvements and on the land. This cannot extend to the land of one who has not authorized the improvement, nor to the improvement on the land of such a one, unless it is made by a lessee not prohibited by the lease and under circumstances when the law creates a lien. First Ave. Coal & Lumber Co. v. McWilson, supra. The lien then does not extend to the freehold, but only to the improvement and the leasehold.

But when the improvement is made by the freeholder, the lien extends to both improvements and the land, though there is a mortgage then outstanding on the land. Under sections 8832 and 8833, Code, there is a lien on the land, but it is subordinate to that of the prior mortgage, but the lien on the improvement is superior to it. But section 8833, Code, when there is a prior lien, only authorizes a sale in favor of the lienor of the building (similar to section 8834, Code), and when sold may be removed when it was built as an entirety by the lienor and can be removed without impairing the mortgage security of the prior mortgage. Gen. Acts 1933, Ex.Sess., p. 54. While that section makes no mention of a sale of the land by such lienor under those circumstances, it does not confine the lien to the improvement as does section 8834, Code, though subject to the mortgage, by virtue of section 8833, Code.

The sale under strict authority of section 8833, Code, which does not include the land, is one ordered by a court

of law, not exercising equitable powers, which cannot enforce liens except as expressly authorized by law. But section 8935, Code, confers upon equity the power to enforce all liens, though they are created by statute and though the statute may provide a remedy. That court could always enforce any sort of lien when there was no other remedy, and sometimes when there was. Greil Bros. Co. v. City of Montgomery, 182 Ala. 291, 62 So. 692, Ann. Cas.1915D, 738.

 So that when the court of equity was held to have power to sell the freehold when administering section 8833, it was so because there was a lien on the freehold, though that section does not provide for its sale. Wimberly v. Mayberry, 94 Ala. 240, 10 So. 157, 14 L.R.A. 305.

But under that line of reasoning a court of equity cannot sell the freehold when administering section 8834, with no mortgage to protect, unless the free holder so prays, because the lienor has no lien on the freehold, and therefore cannot bring it within the equitable powers of the court. But we can see no reason why this cannot be done in the discretion of the court, with the consent of the freeholder and on a showing that, by doing so, the rights and interests of all parties will be promoted.

Here the lessors have not made any such showing, and have not so consented, since their cross-bill was dismissed. The decree of the court followed the provisions of the statute by subjecting the improvements on which alone the lien exists, but preserving the statutory right of the lessors to stop the sale by paying off the lien, if they wish to do so. Any other power of the court must be invoked, if it is exercised.

But appellants are interested in the amount of the lien. If it is in excess of what the record shows is the correct amount, this court should make the correction, though the lessee, who is the debtor, does not complain.

It is insisted in this connection that the trial court improperly allowed interest, upon the theory that it was unliquidated until the amount is fixed by the judgment of a court with adequate power. But if the amount due is to be measured by a definite standard provided by law, interest is from the accrual of the claim, notwithstanding the amount has not been definitely ascertained, or cannot be known until the court so adjudges. Atlanta & B. A. L. Ry. v. Brown, 158 Ala. 607, 621, 48 So. 73; Alabama Power Co. v. Allen, 218 Ala. 416, 118 So. 662; Tennessee C. I. & R. Co. v. Jourdan, 221 Ala. 106 (8), 128 So. 132; Mobile & O. R. Co. v. Williams, 219 Ala. 238 (21), 121 So. 722.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.