48 So.2d 788

**STEWART v. LLOYD et al.**

7 Div. 69.

Supreme Court of Alabama.
Nov. 16, 1950.

466

Young & Young, of Anniston, for appellant.

Merrill, Merrill & Vardaman, of Anniston, for appellee.

BROWN, Justice.

This bill is filed by the original contractor, the contract being with the lessee in possession, against the feeholder, the lessor, Anniston Furniture & Appliance Co., Inc., a corporation, and the lessee O. G. Megginson alleged to be the alter ego of the latter, to enforce a materialman's lien against the interest of the lessee in possession and to declare and enforce the lien on the improvements made on the building, by the complainant.

The bill "avers that heretofore, on, to-wit: the 8th day of October, 1948, he (complainant) contracted with respondent O. G. Megginson, and/or respondent Anniston Furniture & Appliance Company, Inc., to furnish certain plate glass store front for the construction, improvement and repair to and/or in the building known as 1314 Noble Street, situated in Anniston, Alabama, more particularly described as a store building, located on a parcel beginning on the west line of said Noble Street in the City of Anniston, 190 feet south of the SW intersection of 14th Street and Noble Street; thence south 40 feet; thence west

195 feet to an alley running parallel with said Noble Street; thence north along the east side of said alley 40 feet, thence east 195 feet to the point of beginning.

"Complainant avers that as original contractor he furnished the labor and materials for improving and beautifying the building situated on said parcel of land, and all work, materials and supplies pertaining to the same.

"Complainant avers that the indebtedness sued on accrued on the 8th day of November, 1948, and is claimed by complainant for such labor and materials furnished by complainant as original contractor.

"Complainant avers that within six (6) months after the last item of work or labor was performed, and the last item of material furnished, on to-wit: the 24th day of February, 1949, complainant filed in the office of the Judge of Probate of Calhoun County, Alabama, a statement in writing verified by the oath of H. A. Stewart, a person having a personal knowledge of the facts stated therein, containing the amount of the demand of complainant, secured by the lien claimed, to-wit: $457.94, after allowing all credits, and a description of the property on which the lien is claimed in such manner as same might be identified or located, and the name of the owner or proprietor thereof.

"Complainant avers that no part of said debt has been paid, notwithstanding the fact that demand has been made for same, and complainant avers that claim of lien aforesaid is recorded in Lien Book 'C', Page 130, in the office of the Judge of Probate of Calhoun County, Alabama.

"Complainant avers that said plate glass store front can be removed without damage to said building or said land."

After formal prayer for process the bill further prays that upon final hearing of this cause, "it be decreed that complainant may have a judgment against respondent O. G. Megginson and/or Anniston Furniture & Appliance Company, Inc., for the amount of said indebtedness, towit: $457.94 with interest thereon, and that in the event the respondent E. C. Lloyd, Individually and/or E. C. Lloyd d/b/a Lloyd's Bakery, has any interest in, or lien or encumbrance upon the property referred to in Paragraph 5 of this bill of complaint, your Honors will settle the priorities of equities as between the complainant and respondents, and that your Honors will order sale of said land and the improvements thereon in satisfaction of complainant's lien, if the said claim is not fully paid and discharged within such time as may be fixed by your Honors, and that pursuant to such relief, your Honors will decree a lien established on said plate glass in the building situated on the property described in Paragraph 5 of the bill of complaint, or upon said building, and that it be decreed that the amount due under said lien is $457.94, with interest thereon from the 8th day of November, 1948."

In the alternative complainant prays "that he be allowed under decree of this court to remove said plate glass from said building and repossess same. Complainant offers to do equity and prays for general relief."

The record shows that after demurrer filed by all of the respondents on the ground "there is no equity in said bill", was overruled, the defendant Lloyd filed an answer admitting the allegations of paragraphs 1, 2, 3 and 4 of said bill and as answer to paragraph five averred:

"Respondent avers that he neither admits nor denies the allegations of said paragraph five he being without knowledge of the correctness of said averments. For further answer to paragraph five of said bill of complaint respondent avers that if any contract was made with O. G. Megginson, or Anniston Furniture & Appliance Company, Inc., with complainant to furnish plate glass store front for the building described in said bill of complaint, said contract was made without any authorization on the part of the respondent, E. C. Lloyd, and that at no time did the respondent, E. C. Lloyd, ever authorize the said O. G. Megginson to enter into any contract with the complainant in this case for the furnishing of plate glass for the building occupied by the said O. G. Megginson as tenant of E. C. Lloyd."

468

The other paragraphs of the bill are either admitted or denied. In paragraph 7 the respondent E. C. Lloyd "suggests to the court the bankruptcy of the respondent O. G. Megginson, and that if any indebtedness is owing to the complainant in this cause his claim should be filed in the bankruptcy court."

In paragraph 10 of the answer E. C. Lloyd denies that said plate glass store front can be removed from said building without damage thereto and avers that on the contrary that if said plate glass window is removed from said building, "it will materially damage and greatly decrease the value thereof, and that said plate glass window is a part of said store and cannot be removed without materially damaging and decreasing the value of said building."

In further answer to the said bill the respondent E. C. Lloyd sets up the following independent facts: "That the respondent O. G. Megginson has filed a voluntary petition in the bankrupt court and that the assets of the said O. G. Megginson have been sold to C. J. Alford for $3500.00, and that if the complainant has any claim against the said O. G. Megginson his claim should be filed in the bankrupt court."

"That at no time did he have any contract or agreement with the complainant in this cause to furnish plate glass window or store front as described in complainant's bill of complaint, and that at no time did he authorize the respondent O. G. Megginson to enter into a contract with complainant in this cause to furnish a plate glass store front for the building described in said bill of complaint."

"That in and by the provisions of the lease entered into between him and the said O. G. Megginson for the use of said building, the said O. G. Megginson was not authorized to make any improvement or alterations of said building without the written consent of the respondent, E. C. Lloyd, and the respondent E. C. Lloyd avers that he at no time ever gave the respondent O. G. Megginson his permission or authorization in writing or otherwise to make any alterations, repairs or improvements of said building, and especially with

reference to obtaining a plate glass store front."

On submission for final decree on pleadings and proof the court entered a decree holding that the complainant was not entitled to the relief prayed for in the bill of complaint in so far as the respondent E. C. Lloyd is concerned for the reason, "There is no proof in this case that there was any contract between H. A. Stewart and E. C. Lloyd concerning repairs and improvements to the building situated at 1314 Noble Street. On the other hand the entire evidence went to show that the contract was made with O. G. Megginson.

"In view of this fact the Court cannot see how a claim can be fixed upon the property owned by E. C. Lloyd in the absence of any contract with the said E. C. Lloyd.

"It is therefore ordered, adjudged and decreed that the Complainant is not entitled to the relief prayed for in the said Bill of Complaint insofar as it seeks to establish a lien on the property described in the Bill of Complaint."

These observations were followed by the following decree:

"It is therefore ordered, adjudged and decreed that the Bill of Complaint in this case be, and the same is, hereby dismissed, and the costs thereof taxed against the Complainant."

It is shown without dispute that a claim was duly filed by the complainant as required by § 41, Title 33, Code of 1940, in the office of the Judge of Probate of Calhoun County and that the filing of said claim was duly alleged in the bill.

From the above stated decree the original contractor Stewart appealed and has assigned the rendition of said decree as error. It is clear from the recitals in said decree that the court overlooked or ignored the right of the complainant under the provisions of § 39, Title 33, Code of 1940, which provides:

"When the building or improvement is erected under or by virtue of any contract with a lessee in possession, and the erection thereof is not in violation of the terms

or conditions of the lease, the lien shall attach to such building or improvement, and to the unexpired term of the lease, and the holder of the lien shall have the right to avoid a forfeiture of the lease by paying rent to the lessor, as it becomes due and payable, or by the performance of any other act or duty to which the lessee may be bound; and if the lien is enforced by a sale of the building or improvement, the purchaser may, at his election, become entitled to the possession of the demised premises, and to remain therein for the unexpired term, by paying rent to the lessor, or performing any other act or duty to which the lessee was bound, as if he were the assignee of the lease; or he may, within sixty days after the sale, remove such building or improvement from the premises; and if he elects to take possession and to remain therein until the expiration of the term of the lease, he may, within a reasonable time after the expiration of the term, remove such building or improvement from the premises. If, before a sale, the holder of the lien has made any payments of rent, or other pecuniary compensation to the lessor, which ought to have been paid by the lessee, he shall be reimbursed for such payments from the proceeds of the sale."

Section 40, Title 33, Code of 1940 provides: "When a lien attaches under the preceding section, the lessor, at any time before a sale of the property, shall have a right to discharge the same, by paying to the holder the amount secured thereby, including costs and all moneys she may have paid to the lessor to prevent a forfeiture of the lease, and, after a sale, he shall have the right to prevent the removal of the building or improvement from the premises by paying to the purchaser the value of such building or improvement; and upon such payment, either to the holder of the lien or to the purchaser, such building or improvement shall become the property of the lessor."

It is well settled that a lien provided for under the last two sections of the code quoted may be established on the improvements made without reference to the land upon which they are situated. Wood Lumber Co. v. Greathouse, 230 Ala. 362, 161 So. 236. Where the lessee is not prohibited by the lease from making improvements or from having such improvements made, the court can order the sale of the improvements if it is practical to remove the same without serious damage to the building to which they are attached. Harden v. Wood Lumber Co., 235 Ala. 310, 178 So. 540.

The statute gives the lessor the right to preserve the property in its improved condition before a sale to enforce the lien which attached to the improvements by payment of the sum due for the work and labor done in making the improvements and preserve the building in its improved condition. If the lease in existence at the time the improvements were made contained no restrictions against the lessee making the improvements, as some of the evidence goes to show, the lien attached to the improvements and the leasehold interest and the lien is enforceable by a sale of that interest or the authorizing of the removal of the improvements, if the building is left intact and in as good condition as it was before the improvements were made. Harden v. Wood Lumber Co., 235 Ala. 310, 178 So. 540; Wildman v. Evans Bros. Construction Co., 175 Ala. 333, 57 So. 831.

There was evidence going to show that before any written lease was entered into the improvements on the building were made by the complainant at the instance of the lessee in possession and there is also evidence going to show that the lessor agreed to make concessions to the lessee for such improvements in the reduction of the rent. There was also evidence that the lessor had knowledge of the improvements being made and the evidence further tended to show that he approved and acquiesced in the improvements being made and had the complainant make some like improvements in the part of the building which he occupied in the operation of a bakery.

The evidence on these issues was in dispute but the court does not seem to have considered these issues nor base the decree on this phase of the case. We are, therefore, of opinion that the court erred in dis-

missing the bill and for that error the decree is reversed and the cause is remanded for further consideration.

Reversed and remanded.

LIVINGSTON, LAWSON and SIMPSON, JJ., concur.