60 So.2d 911
64 So.2d 884

**LLOYD v. STEWART.**

7 Div. 144.

Supreme Court of Alabama.

May 15, 1952.

Affirmed on Merits June 19, 1952.

Rehearing Denied Nov. 6, 1952.

Further Rehearing Denied April 2, 1953.

628

Merrill, Merrill & Vardaman & Matthews, Anniston, for appellant.

Young & Young, Anniston, for appellee.

BROWN, Justice.

This is the second appeal. The first appeal was by the complainant from a final decree denying relief and dismissing his bill, which sought to establish a material-man's lien for work done and material furnished in the improvement of the building specifically described in the bill, at the instance of a lessee of the owner, who had notice of the work being done and made no objections thereto but in fact approved the same. On the hearing resulting in the first decree, it appears that the circuit court did not take account of § 39, Title 33, Code of 1940, which authorizes the establishment of a lien on the improvement and the removal thereof, if removal may be effected without damage to the building, where the lessee is not prohibited from making the improvement in the lease. Stewart v. Lloyd, 254 Ala. 465, 48 So.2d 788.

After remandment of the cause further testimony was taken *ore tenus* and on submission for final decree the trial judge made the following observations in the final decree of May 23, 1951:

"The Court decided on the former hearing of this cause that the contract for repairs and improvements mentioned and described in the Bill of Complaint, was had between the Complainant, H. A. Stewart, and O. G. Megginson, and not with E. C. Lloyd, the owner of the building repaired and improved. No evidence has been introduced tending to show that E. C. Lloyd was a party to the said contract for repairs. However, the Court is convinced that the Respondent, Lloyd, knew that repairs and improvements were being made to his building by his Lessee, Megginson, and that it would be unfair and unjust, since he remained silent while the work was being done, to allow him at this time to escape liability because of a provision in the lease with Megginson prohibiting Megginson from making any repairs or improvements to the building without the written consent of the owner. If such lease existed at the time of the repairs the action of the Respondent Lloyd waived said provision or he is estopped from now invoking said provision by reason of his silence. Other work had been done on the building prior to the time Stewart installed the glass. In fact the front of the building had been changed in preparation for the installation of the glass, and this work was not done by Stewart. There is no evidence that the respondent Lloyd expressed any objection to the repairs being made; in fact he himself admitted that he knew that Mr. Stewart was doing work on the said building. * * *."

From that decree Lloyd on June 6th appealed and executed with sureties a supersedeas bond. That appeal was returnable to the first Monday after the expiration of sixty days. 790, Title 7, Code of 1940.

On a regular motion day—January 15th, 1952—the case was submitted on appellee's motion to affirm under Supreme Court Rule of Practice 18, in which he alleged, under oath, with supporting affidavits of the

court reporter and the register of the circuit court, that the case was brought into this court merely for delay. And on the appellant's suggestion of a diminution of the record, supported by oath, it was suggested that the record is incomplete. Supreme Court Rule 19, Code of 1940, Tit. 7, Appendix, p. 1012. On consideration of said motions and the proof in support thereof along with the partial record filed on December 5, 1951, we are of opinion that the case is "a delay case" within said Rule of Practice 18 and that the decree of the circuit court should be affirmed. It is so ordered by the court.

Affirmed.

LIVINGSTON, C. J., and FOSTER and STAKELY, JJ., concur.

### On Resubmission.

BROWN, Justice.

The judgment of affirmance entered on May 15, 1952, in pursuance of Supreme Court Rule of Practice No. 18, Code of 1940, Tit. 7, Appendix, p. 1011, was set aside on motion of appellant and the cause was resubmitted on the merits as presented by the assignments of error.

We have reexamined the testimony taken on both trials in open court and find the same in sharp conflict on the several controversial points:—(1) Whether or not the plate glass front was installed by the original contractor under the contract with Lloyd's lessee before the written lease was signed and became effective. (2) Whether or not Lloyd, the owner, knew of the proposed improvement and in fact approved and authorized the same. (3) Whether or not the plate glass can be removed without damage to the building. However, the weight of the evidence tends to sustain the conclusion stated in the decree of the circuit court, that said plate glass can be removed without detriment to the building, except the absence of the glass from the setting.

The evidence is without dispute that before the bill was filed the complainant proposed a settlement to Lloyd and offered to remove the glass and square the deal. Mr. Lloyd refused to allow him to do so.

After due consideration we are of opinion that the decree is well sustained by the evidence and should be and is affirmed. So ordered.

Affirmed.

LIVINGSTON, C. J., and FOSTER and SIMPSON, JJ., concur.

### On Rehearing

PER CURIAM.

A majority of the Court, consisting of Justices LAWSON, SIMPSON, STAKELY, GOODWYN and MERRILL, are of the opinion that this application for rehearing should be overruled.

They point out that section 814, Title 7, Code, is controlling and that it does not authorize a personal judgment on a supersedeas appeal bond when the judgment is affirmed, so that it will be against the principal and sureties on such an appeal bond for the principal and interest of a debt or damages and ten per cent penalty thereon, unless there was rendered in the trial court a *personal judgment* against appellant for the debt or damages in a specified amount of money. They think that the judgment or decree of the trial court set out in the preceding opinion is not one for money. It only ascertains an amount which appellant is authorized to pay within twenty days, if he sees fit to do so. No execution could issue against him before or after the twenty days specified. If he fails to pay it, appellee is given the privilege of removing a certain item of plate glass there described. It was held in the case of Hughes v. Hatchett & Trimble, 55 Ala. 539, that such a judgment or decree is not one for money as contemplated by section 814, supra. See, also, Naylor & Norlin v. Lewiston & Southeastern Electric Ry. Co., 14 Idaho 722, 95 P. 827. They do not think that section 814, supra, authorizes this Court on affirmance to render a personal judgment for money when the trial court made no such judgment.

The majority of the Court think that appellant and the sureties on such a bond are not estopped in this summary proceeding to contend that there was no such judgment because of the recital in

630

the bond of its existence. The court is not considering available defenses to a common law action on the bond. But a summary judgment against the bondsmen cannot be rendered unless the facts exist which the statute prescribes shall exist to support such a judgment. Those facts are such as are to be shown by the record. If the record does not show their existence, they cannot be supplied by estoppel to satisfy the statute.

The affirmance is merely to give effect by the judgment of this Court to the decree of the trial court, so as to allow appellant twenty days from the date of this judgment within which he (appellant) may pay the amount specified in the decree of the trial court. Upon his failure to do so that court is given authority to proceed to the enforcement of its decree.

Application for rehearing overruled.

BROWN, J., dissenting.

LIVINGSTON, C. J., not sitting.

BROWN, Justice (dissenting).

On the first appeal reported as Stewart v. Lloyd, 254 Ala. 465, 48 So.2d 788, the decree of the circuit court in equity was reversed and the cause remanded for further proceedings. Following the reversal the court, after hearing further testimony given ore tenus, granted relief to the complainant, observing:

"The court was of opinion on the former trial that the glass installed by the complainant could not be removed without substantial damage to the building. That when Megginson (Lloyd's lessee) moved into the building the front was equipped with folding doors and the court thought at that time the complainant had, as a part of his contract, made the change to the front of the building. The testimony taken on April 10, 1951, showed that the only work done by the complainant, Stewart, was the actual installation of the glass, and glass can be removed from the building, and after such removal the building will be in the condition it was at the time Stewart began his work.

"It is therefore ordered, adjudged and decreed by the Court that the Complainant, H. A. Stewart, has a lien on the plate glass installed in the front of that certain building located at 1314 Noble Street, Anniston, Alabama, more particularly described as follows:

"That certain store building located on a parcel of land beginning on the west line of Noble Street, in the City of Anniston, Alabama, 190 feet south of the southwest intersection of 14th Street and Noble Street; thence south 40 feet; thence west 195 feet to an alley, running parallel with said Noble Street; thence north along the east side of said alley 40 feet; thence east 195 feet to the point of beginning.

"The Respondent, E. C. Lloyd, shall have 20 days from the date of this decree *within which to pay the amount of said lien* and costs of this case; provided further that if the said respondent, E. C. Lloyd, fails to pay the said lien and costs as above provided within 20 days from the date of this decree, that the Complainant, H. A. Stewart, shall have the right to go on to the premises of the building heretofore described and to remove the plate glass which he installed in the front of the building heretofore described in this decree, provided further that the said removal shall be accomplished within 30 days after the failure or refusal of the said E. C. Lloyd to pay the lien and costs heretofore mentioned.

"The costs of this case are hereby taxed against the Respondent, E. C. Lloyd, for which let execution issue."

From said decree the respondent on the 29th of May, 1952, appealed to this court and executed, with sureties, a supersedeas bond, couched in the following words:

"Know All Men By These Presents, that we E. C. Lloyd and sureties are held and firmly bound unto H. A. Stewart in the just and full sum of Twelve Hundred and no/100 Dollars, for the payment of which we jointly and severally bind ourselves, our heirs, executors or administrators, firmly by these presents. The right of Exemption under the Constitution and Laws of Alabama is hereby waived.

"Sealed with our seals and dated this 6th day of June, 1951

"The Condition of the Above Obligation Is Such, that whereas, the above bound has this day applied for and obtained an appeal returnable to the Supreme Court of Alabama, to supersede and reverse a judgment recovered by the said H. A. Stewart against the said E. C. Lloyd on the 23rd of May, 1951, in the Circuit Court of Calhoun County, Alabama, in Equity, for the sum of Five Hundred Forty-five and 88/100 Dollars, besides costs.

"Now, if the said E. C. Lloyd shall prosecute to the effect his said suit in the Supreme Court of Alabama, and shall pay and satisfy such judgment as the Supreme Court of Alabama, shall render in this case, then this obligation to be void, otherwise to remain in full force and effect."

On May 15, 1952, the decree of the lower court was affirmed as a delay appeal under the provisions of Rule 18 of Supreme Court Practice. Code 1940, Tit. 7 Appendix. 60 So.2d 911. Thereafter on May 20, 1952, on motion of appellant the judgment of affirmance was set aside and appellant was, upon payment of the costs of appeal, permitted to file the record which had not been filed theretofore and to submit the cause on assignments of error written on the record. This order was made on May 30, 1952.

On June 19, 1952, the decree of the circuit court, in equity, was affirmed, establishing and declaring a mechanic's lien in favor of complainant on the improvements made on the respondent's building and ascertaining the value of the improvements, to be $545.88, allowing respondent 20 days within which *to pay said sum of money* and relieve said improvement of said lien and failing therein authorizing the complainant to repossess said improvement and remove the same from said building. It was from that part of the decree the respondent Lloyd had appealed and for that purpose executed the supersedeas bond, as he had the right to do under § 794, Title 7, Code of 1940. On the last mentioned affirmance this court rendered a judgment against the appellant and the sureties on the supersedeas bond for the sum of money appellant was authorized to pay to relieve said improvement from the lien, with interest, costs and ten percent damages.

On July 2, 1952, within 15 days from the rendition of the judgment of affirmance, appellant filed application for rehearing and on July 4, 1952, filed a motion to amend the decree, which was resisted by the appellee.

On November 6, 1952, appellant's motion for rehearing was overruled and motion to amend granted, relieving the sureties on the supersedeas bond from liability for the money which appellant was authorized to pay to relieve and discharge the lien and the 10% penalty, but taxing the costs against the principal and sureties, leaving the decree affirmed against the appellant Lloyd.

On November 12, 1952, during the same term, appellee Stewart filed a motion to "amend, modify and clarify the order of November 6, 1952," made at appellant's instance.

In our opinion of June 19, 1952, we observed [ante, p. 629, 60 So.2d 912]:

"We have re-examined the testimony taken on both trials in open court and find the same in sharp conflict on the several controversial points:—(1) Whether or not the plate glass front was installed by the original contractor under the contract with Lloyd's lessee before the written lease was signed and became effective. (2) Whether or not Lloyd, the owner, knew of the proposed improvement and in fact approved and authorized the same. (3) Whether or not the plate glass can be removed without damage to the building. However, the weight of the evidence tends to sustain the conclusion stated in the decree of the circuit court, that said plate glass can be removed without detriment to the building, except the absence of the glass from the setting.

"The evidence is without dispute that before the bill was filed the complainant proposed a settlement to Lloyd and offered to remove the glass and square the deal. Mr. Lloyd refused to allow him to do so.

"After due consideration we are of opinion that the decree is well sustained by the evidence and should be and is affirmed."

The evidence shows that Lloyd's lessee Megginson, under Lloyd's supervision and approval, removed the folding doors and made ready the space for installing the plate glass in the window and that complainant Stewart merely placed the glass in the window so prepared for its reception.

The supersedeas bond shows on its face that it was given under the provisions of § 794, Title 7, Code of 1940, which provides:

"If the decree or judgment be for the payment of money, and also for the performance of some other act or duty, or for the recovery of property, real or personal, or the possession thereof, or for the sale of property, real or personal, and the party appealing wishes to supersede the execution of such judgment or decree, he must, unless otherwise provided, give bond with good and sufficient sureties, payable to the party recovering the judgment or decree, in double the amount of the money, with condition to prosecute to effect the appeal, or, if he fails therein, to pay such judgment as the appellate court may render in the premises, and must also execute bond with good and sufficient sureties, payable to the clerk or register, in such sum as the judge may in writing prescribe, with condition to pay all such costs and damages as any party aggrieved may sustain by reason of the wrongful appeal and suspension of the execution of the judgment or decree; *or if the party appealing wishes to supersede the judgment or decree as to the payment of the money only, the bond first above mentioned may be executed, suspending the judgment or decree in that respect only; or* if the party appealing wishes to supersede the execution of the judgment or decree in the other respect only, the bond secondly above mentioned may be executed, superseding the execution of the judgment or decree in that respect only." [Italics supplied.]

There can be no escape from the conclusion, as a matter of law, that the decree from which the appeal was taken, authorized the appellant to pay a specific sum of money, judicially ascertained and adjudicated by the court, to relieve the improvement made on his building from the mechanic's lien and is within the meaning and the purpose of the statute "for the payment of money". The bond was payable "to the party recovering the judgment or decree, in double the amount of the money [ascertained by the court], with condition to prosecute to effect the appeal, or, if he fails. therein, to pay such judgment as the appellate court may render in the premises". Code of 1940, Tit. 7, § 794. [Parenthesis. supplied.]

Otherwise stated, the bond is a statutory supersedeas bond, enforceable only by summary judgment rendered by the appellate court on affirmance of the decree. Crawford v. Kirksey, 55 Ala. 282, 291–292, 28 Am.Rep. 704. In the cited case it was held, as stated in the second headnote, that: "On appeal to this court in a chancery cause, if a supersedeas bond is given, and the decree is here affirmed Rev.Code, § 3500, *this court will render a summary judgment against the sureties*; or, if the bond does. not conform to the provisions of the statute, an action at law for its breach may be maintained; but, if the decree is reversed,. although a part of it is held to be free from error, and the cause is remanded for further proceedings, the chancellor has no power to render a summary judgment against the sureties on the bond." [Italics. supplied.]

And in the body of the opinion by Mr. Justice Stone, it was observed:

"The chancellor ruled, that this court had reversed his former decree only in part, and had affirmed it, in so far as it had pronounced the mortgage to Crawford and Webb fraudulent. He thereupon ordered that Crawford, who had received the fund originally, should pay it into court, with interest, by a given day; and in default thereof, that execution should issue for its collection, against him and his sureties on his supersedeas bond, given in the former appeal to this court. * * *

"There is nothing in the judgment, or action of this court, which justified that part of the chancellor's decree, noted above. The decree of the chancellor was in no sense affirmed. *If it had been this court would have proceeded to render such judgment against the sureties as the law au-*

*thorizes,* and would have adjudged costs against the appellant. *This court alone has authority to render summary judgment against sureties on appeal or supersedeas bonds, returnable to this court.* Code of Alabama, § 3941. When the *supersedeas* bond does not fall under the influence of sections 3941–2, the remedy for its breach is a suit at law on the bond. This part of the decree of the chancellor must be reversed. See Hughes v. Hatchett & Trimble, at the present term (55 Ala. 539, 547)." Italics supplied. Crawford v. Kirksey, 55 Ala. 282.

And in Hughes v: Hatchett & Trimble, 55 Ala. 539, 547, the court, speaking by the same Justice observed: "That case has been followed in this court ever since; and it has been uniformly held, that its principles apply to suits to *foreclose mortgages,* and to enforce *vendor's liens.*" [Why, we inquire, should it not be applied to the enforcement of mechanic's liens?]

The case of Crawford v. Kirksey, supra, has been cited and applied repeatedly. See Steele v. Tutwiler, 63 Ala. 368; Drake v. Webb, 63 Ala. 596; Clark v. Knox, 65 Ala. 401; Ex parte Sibert, 67 Ala. 349; Crowder v. Morgan, 72 Ala. 535; Halsey v. Murray, 112 Ala. 185, 20 So. 575.

We have not overlooked Hughes v. Hatchett & Trimble, 55 Ala. 539, 546, wherein it is observed: "The object of the bill in this case was to have land sold in payment of the purchase-money. Such was the special prayer of the bill. Under it, there could be, and was, no decree for the payment of money. True, the chancellor as-certained the amount due, that he might decree for what sum the property should be condemned to sale. *There was no order that the money should be paid.* In Hooks v. Branch Bank, 18 Ala. 451, this court said, 'We think it too clear to admit of doubt that this court can only award ten per cent damages upon affirming the judgment of an inferior court, when the judgment of the inferior court is for a specific moneyed demand; *for it is only on such judgments that we can compute or ascertain damages at the rate of ten per cent.'* That case has been followed in this court ever since; and it has been uniformly held, that its principles apply to suits to foreclose mortgages, and to enforce vendors' liens." [Italics supplied.] In the Hooks case no specific sum of money was authorized or required to be paid by the judgment.

Nor have we overlooked Caldwell v. United States Fidelity & Guaranty Co., 205 Ala. 463, 88 So. 574, 575, written by Mr. Justice Gardner, laying down the rules for interpreting and ascertaining the meaning and intent of the parties executing supersedeas bonds to delay the execution of judgments and decrees. In that case the bond did not conform to the provisions of the statute, as the opinion pointed out in these words:

"The proper bond to have been executed in a case of this character would have been that prescribed by section 2875 of the Code of 1907. Such a bond would be payable to the register, but the bond here was nevertheless good as a common-law bond, and the action is properly prosecuted in the name of the payee for the use of the parties aggrieved. (Babcock v. Carter, 117 Ala. 575, 23 So. 487, 67 Am.St.Rep. 193, and interest on the fund withheld and attorney's fee for defending the appeal are properly claimed as recoverable damages in a suit of this character (Miller v. Vaughan, 78 Ala. 323).

"Counsel for appellee rely upon the well-recognized principle that a surety is bound only by the letter of his contract, which cannot be enlarged or changed without his consent, citing Boulden v. Estey Organ Co., 92 Ala. 182, 9 So. 283; City Council [of Montgomery] v. Hughes, 65 Ala. 201; Steele v. Tutwiler, 63 Ala. 368. We do not controvert this proposition, but we are of the opinion that it is given improper application to the instant case. In the Hughes case, supra, recognizing this principle, the court said:

" 'The surety, though bound equally with the principal, stands in a purely voluntary and gratuitous relation. The extent of liability incurred by him is that expressed, or necessarily included, in the words in the contract or obligation.'

"In the case of Steele v. Tutwiler, supra, the condition of the bond was 'to prosecute

the appeal to effect, and to satisfy such judgment as the Supreme Court may render in the premises.' The opinion in that case discloses that the only judgment proper to be rendered in cases of that character had been paid, and, as this was the only condition of the bond, no breach was shown. As will hereinafter appear, that authority is without application to the case at hand. In Boulden v. Estey Organ Co., supra, the defeasance clause, instead of providing for the payment of the costs and damages as prescribed by the statutes, merely provided for the payment of all costs, and falls within the influence of the Steele Case, supra.

"Here, a different situation is presented. The language used in the defeasance clause of the bond in question is ambiguous to such an extent as calls for a construction of its meaning by this court. We know of no cases which hold, when such is the situation, the court may not, under a proper rule of construction, in the light of surrounding circumstances, and the objects and purposes to be subserved, construe the instrument or obligation entered into so as to arrive at the intention of the parties and its true meaning. Indeed, we think this was demonstrated in the opinion in the Hughes Case, cited above, wherein the court said:

" 'We concur with counsel for the appellant that the condition of the bond ought to be read and construed in connection with the charter, and its provision that the clerk should continue in office until his successor was elected and qualified.'

"We have given careful consideration to a proper construction of the language used in the supersedeas bond, upon which this suit is founded. In the defeasance clause the obligors have promised to pay—

" 'Such damages and costs as the Supreme Court may render in the premises as any party aggrieved may sustain by reason of the wrongful appeal and suspension of the execution of said decree.'

"Counsel for appellee would restrict this language to the payment of such costs and damages as the Supreme Court may by its judgment render in the premises. The effect of such construction would be to restrict the bond to the language found in the Steele Case; that is, merely to satisfy such judgment as the Supreme Court may render in the premises. This would leave no room for operation of the words 'any party aggrieved may sustain,' and we are of the opinion that such construction is manifestly unwarranted.

"On the contrary, after a careful examination, in comparison of this bond with section 2875 of the Code, we are persuaded that it appears upon the face of the instrument as an ineffectual effort to conform to the provisions of that section. We agree with counsel for appellant that, as it is written, the bond calls for two kinds of costs and damages, such as, in the first place, the Supreme Court may render in the premises, and, in the second place, such as any party aggrieved may sustain by reason of the wrongful appeal and suspension of the execution of said decree. * * *"

In the case at bar, looking at the entire transaction, observing the provisions of the bond and the intention of the parties as gathered from the circumstances attending the transaction, it is clear that its purpose was to preserve the right to pay the specific sum ascertained to be due and to remove the incumbrance on the improvement made by the installation of the plate glass front in appellant's building.

The recitals of the bond in the case at bar are that "whereas, the above bound has this day applied for and obtained an appeal returnable to the Supreme Court of Alabama, to supersede and reverse a judgment recovered by the said H. A. Stewart against the said E. C. Lloyd on the 23rd of May,. 1951, in the Circuit Court of Calhoun County, Alabama, in Equity for the sum of Five Hundred Forty-five and 88/100 Dollars besides costs.

"Now, if the said E. C. Lloyd shall prosecute to the effect his said suit in the Supreme Court of Alabama, and shall pay and satisfy such judgment as the Supreme Court of Alabama, shall render in this case,. then this obligation to be void, otherwise to remain in full force and effect."

The appellant having obtained the benefit. of the delay and review for which the bond was given, he and his sureties are estopped to dispute the recitals in said bond. Fidelity

& Deposit Co. of Maryland v. Mobile County, 124 Ala. 144, 147, 27 So. 386; Williamson & McArthur v. Woolf, 37 Ala. 298; Plowman v. Henderson, 59 Ala. 559; Burnett v. Nesmith, 62 Ala. 261; Person v. Thornton, 86 Ala. 308, 5 So. 470; Kling v. Connell, 105 Ala. 590, 17 So. 121; Bruce v. United States, 17 How. 437, 15 L.Ed. 129; 120 A.L.R. 1067, Anno. "Supersedeas Bond —Liability on." IV "Estoppel to deny liability."

Under the authorities cited, said bond is a statutory supersedeas bond on which this court is authorized only to render judgment for the payment of the specific sum with interest and the costs in the circuit court and the costs of appeal, not including the costs heretofore paid as the penalty assessed against appellant for the delay in the filing of the transcript.

In view of what is stated above the writer concludes that the majority opinion this day rendered is founded on a misconception of the law and the facts. The liability of the principal and sureties on a supersedeas bond arises out of that obligation and its recital and not out of the doctrine of estoppel. The authorities in this country, including Alabama, are uniform in holding that the obligors on such supersedeas bond, after the bond has served its purpose and the principal obligor has received the benefit of a review of the questions presented on the record in his case and the delay incident thereto, he is estopped to dispute the recital in said bond in this or any other court having jurisdiction to enforce the same.

The effect of the judgment of the court here rendered, permitting appellant to pay the sum of money adjudged to be due the appellee by the trial court if he desires to do so and if not giving the appellee the right to remove the glass which would require some labor and effort and which probably would be useless to him, is really a denial of justice. Under the judgment he is not even entitled to add interest to the alleged amount due. See authorities cited on page 16 of this dissenting opinion, 64 So.2d on page 890.

I, therefore, respectfully dissent.