87 So.2d 426

Jerry W. BOOKER

v.

R. L. WILLIAMS.

5 Div. 636.

Supreme Court of Alabama.

May 10, 1956.

Green, Phillips & Granberry, Phenix City, for appellant.

McKee & Maye, Opelika, for appellee.

PER CURIAM.

This is an appeal by complainants from a decree sustaining a demurrer to a bill in equity. It seeks the enforcement of a lien under section 37, Title 33, Code, claimed for labor and material furnished by complainant

for building or repairing a certain building or improvements on an acre of land, particularly described, not in a city, town or village, being by virtue of a contract with respondent as the owner. The land is described as follows:

"All that lot, tract, or parcel of land situate, lying and being in the south ½ of Sec. 22, Twn. 18 N., Range 29 E., Lee County, Alabama, and being more particularly described as follows:

"Commencing at a point on the centerline of that certain public dirt road, known as the Mount Zion Cemetery Road, which said point is located at the point where the centerline of the said Mount Zion Cemetery Road intersects the northernmost margin of that certain public dirt road known as the Mullin Road, as the northernmost margin of the said Mullin Road is extended across the said Mount Zion Cemetery Road; running thence in a northeasterly direction a distance of 125 feet to a point on the westernmost margin of the said Mount Zion Cemetery Road and the point of beginning; running thence in a northerly direction along the westernmost margin of the said Mount Zion Cemetery Road a distance of 208 feet to a point; thence turn left 90 degrees and run in a westerly direction 208 feet to a point; thence turn left 90 degrees and run in a southerly direction a distance of 208 feet to a point; thence run in an easterly direction to the point of beginning; the said tract containing one acre in area; and being known as the R. L. Williams dwelling house and the one acre of land on which the same is situated."

A verified statement of the claim was filed in the office of the judge of probate as provided in section 41, Title 33. It alleged that complainant had selected an acre of land on which the improvement was located and claimed a lien on the improvement and land so selected under the provisions of section 45, Title 33, Code.

Jurisdiction of the circuit court in equity is provided for in section 48, and section 1 of Title 33. Harden v. Wood Lumber Co., 235 Ala. 310, 178 So. 540.

There are only two grounds of demurrer. One is for a want of equity (not insisted on by appellee), and the other is for an insufficient description of the acre of land selected by complainant. The latter is the ground which appellee thinks supports the decree, and obviously it is the only ground which might be thought to do so.

An engineer's diagram is attached to appellant's brief as an aid in the interpretation of the description of the land. (The reporter will set out the diagram.) It is not a part of the record, but we can look at it as a part of the argument to see that the description is adaptable to a supposed situation and, therefore, not void on its face for uncertainty. A comparison of the description with the diagram demonstrates its sufficiency without the necessity of discussion by us.

We think the bill is free from either ground of the demurrer addressed to it. Therefore the demurrer should have been overruled and not sustained. It follows that the decree should be reversed and the cause remanded.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, § 32, Code, and was adopted by the Court as its opinion.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and SPANN, JJ., concur.