MADDOX, Justice.
The issue in this case is whether a supplier of materials for the construction of a building on leased premises submitted substantial evidence that the landlord was equitably estopped from denying that the supplier has a lien on the land for the payment of the materials furnished. The trial court entered a summary judgment in favor of the landlord. We reverse and remand.
Some of the basic facts are not in dispute. Birmingham Realty Company, Inc. (“Birmingham Realty”), owned the land that is the subject of the controversy. It had leased the land for a five-year term to Walker Norris and Robert Webb. Norris and Webb subsequently assigned their rights under the lease to Ms. M.A. Sprad-lin. Under the terms of the assignment, Ms. Spradlin agreed to assume all obligations and conditions set out in the lease and to be bound by them. One of the provisions of the lease read as follows:
“The lessee will not make or permit to be made any alterations, additions, improve *798 ments or changes in the premises ... without the written consent of the lessor before work is contracted or let.”
Ms. Spradlin and her husband, David Spradlin, were using the land to operate a business known as Spradlin Auto Parts. David Spradlin contracted with Kirkpatrick Concrete Company, Inc. (“Kirkpatrick”), to supply concrete for the construction of a building on the leased land. It is undisputed that Kirkpatrick had no knowledge that the land was leased at the time.
On January 26, 1988, Kirkpatrick filed a mechanic’s lien for $18,003.97 against the land, and on February 4, 1988, Kirkpatrick sued David Spradlin, M.A. Spradlin, Walker Norris, Robert Webb, and Birmingham Realty for damages arising out of the contract under which it supplied the materials.
On May 4, 1989, the trial court entered a summary judgment in favor of Kirkpatrick and against David Spradlin, in the amount of $19,522.86. On June 10, 1991, the court entered a summary judgment against Kirkpatrick and in favor of Birmingham Realty,[1] and entered findings and conclusions in a written order.
Kirkpatrick appeals from the summary judgment entered on behalf of Birmingham Realty,[2] claiming that the trial court erred because, Kirkpatrick says, it presented substantial evidence that Birmingham Realty was equitably estopped to deny the existence of the lien.
Birmingham Realty’s argument that it was entitled to a summary judgment is based on its claim that the evidence shows that it was unaware of the construction of the building until November 1987 and that the president of Birmingham Realty, Russell M. Cunningham III, immediately notified the Spradlins that the construction had been taking place without Birmingham Realty's knowledge and consent and that the building should be removed by the expiration of the lease in January 1988.
In opposition to Birmingham Realty’s motion for summary judgment, Kirkpatrick submitted an affidavit of David Spradlin, who stated, in part:
“My name is David Spradlin. I occupied the subject property during the construction in question. Before construction started, I talked with Russell Cunningham of Birmingham Realty, Inc., with my wife and informed him that I was going to build the building on the subject property. He told me to build the building at my own expense and my rent would not increase, and he would reimburse me for my expenses for improvements.
“During the construction, Russell Cunningham came to the premises and observed the Kirkpatrick trucks which were there unloading concrete, and at that time approved of the construction.”
It is apparent, based on the Spradlin affidavit, that the question of Birmingham Realty’s knowledge of the construction was disputed.
In entering the summary judgment, the trial judge wrote the following:
“Ordinarily, when improvements are erected on unimproved property by the tenant, the person furnishing labor or materials to such improvement is only entitled to a lien against the unexpired term of the lease. He is not entitled to a lien on the freehold. See, e.g., § 35-11-212(a), Alabama Code 1975; Harden v. Wood Lumber Co., 235 Ala. 310, 178 So. 540 (1938). In the last cited case, the supreme court stated in part in its opinion:
“ ‘But § 8832, Code [1923], confers a lien on the improvements and on the land. This cannot extend to the land of one who has not authorized the improvement, nor to the improvement on the land of such a one, unless it is made by a lessee not prohibited by the lease and under circumstances when *799 the law creates a lien. First Avenue Coal & Lumber Co. v. McWilson, [182 Ala. 276, 62 So. 531 (1918) ]. The lien then does not extend to the freehold, but only to the improvement and the leasehold.’ ”
The trial judge also set forth in his opinion an accurate account of the applicable law:
“In order to establish liability on the part of Birmingham Realty, it is necessary to establish by evidence either that Birmingham Realty by an authorized agent itself contracted for the labor and improvements furnished to its property or that the conduct of Birmingham Realty was such as to give rise to an estoppel against Birmingham Realty which now prevents it from denying that Kirkpatrick has a valid lien against its property.
“Obviously, there is no evidence that Birmingham Realty itself ever contracted either through Spradlin or any other agent for the materials furnished by Kirkpatrick to its property.
“The elements necessary to establish equitable estoppel are set out in the opinion of the Supreme Court of Alabama in Mazer v. Jackson Ins. Agency, 340 So.2d 770 (Ala.1976). In that case, certain real estate developers sought annexation of their property by Mountain Brook, which was opposed [by] nearby residential owners. The developers gave written assurance to homeowners that the buffer zone of 100 feet along the western and southern portion of the tract would be established not subject to change unless ninety percent of the homeowners agreed. Following the development of the property, the developers first had the buffer zone rezoned from Residential to Office Park and then announced plans to construct an addition to the office building on the area set aside as the buffer zone.
“Reversing the decision of the trial court, which refused to grant relief to the homeowners, the Supreme Court of Alabama concluded that the developers were estopped from developing the buffer zone in any manner inconsistent with the representations and assurance previously made by the developers. In referring to the elements of equitable estop-pel, the supreme court quoted with approval the following:
“ ‘An estoppel ... has three important elements. The actor, who usually must have knowledge of the true facts, communicates something in a misleading way, either by words, conduct or silence. The other relies upon that communication. And the other would be harmed materially if the actor is later permitted to assert any claim inconsistent with his earlier conduct.’
“[340 So.2d at 773.]
“Another definition was taken by the supreme court from 3 Pomeroy, Equity Jurisprudence, § 805 (5th ed. 1941), as follows:
“ ‘... 1. There must be conduct — acts, languages, or silence — amounting to a representation or a concealment of material facts. 2. These facts must be known to the party estopped at the time of his said conduct, or at least the circumstances must be such that knowledge of such is necessarily imputed to him. 3. The truth concerning these facts must be unknown to the other party claiming the benefit of the estoppel, at the time when such conduct was done, and at the time when it was acted upon by him. 4. The conduct must be done with the intention or at least with the expectation, that it will be acted upon by the other party, or under such circumstances that it is both natural and probable that it will be so acted upon_ 5. The conduct must be relied upon by the other party, and, thus relying, he must be led to act upon it. 6. He must in fact act upon it in such a manner as to change his position for the worse; in other words, he must so act that he would suffer a loss if he were compelled to surrender or forgo or alter what he has done by reason of the first party being permit *800 ted to repudiate his conduct and to assert rights inconsistent with it....’
“[340 So.2d at 773.]”
We recognize, as did the trial court, that the statements made by David Sprad-lin are directly contrary to the statements set out in the affidavit filed by Russell Cunningham, who claims that Birmingham Realty had no knowledge of the construction. The fact that they are contrary is one of the reasons summary judgment was inappropriate in this case.
We conclude that Kirkpatrick correctly argues that this case is similar to Lloyd v. Stewart, 258 Ala. 627, 60 So.2d 911 (1952), where the lessee had contracted for the repair of the leased building, and the lessee had failed to pay for the work, and where the contractor sought to impose a lien on the real property and building for the repairs and improvements made to the building. The Court concluded, in Lloyd, that while the lessor was not a party to the contract for the improvements, he was nevertheless equitably estopped to deny some liability to pay for improvements that he knew were being made but in regard to which he remained silent. The trial court, in Lloyd, stated the following:
“[I]t would be unfair and unjust, since [the lessor] remained silent while the work was being done, to allow him at this time to escape liability because of a provision in the lease with [the lessee] prohibiting [the lessee] from making any repairs or improvements to the building without the written consent of the owner.”
Lloyd v. Stewart, 258 Ala. 627, 628, 64 So.2d 884 (1952). The trial court in the present case distinguished Lloyd from the present case on the ground that Lloyd dealt with remodeling and repairs whereas this case deals with a new structure. We do not consider this distinction so legally significant that a different result should be reached here. If, in fact, the trier of fact should find that the lessor had knowledge that a permanent improvement was being made on the land at a time when the lease was about to expire, and if it can be proved, as alleged in the Spradlin affidavit, that the lessor agreed to pay for the improvements that were being made, then a trial court could conclude that the lessor should be equitably estopped to deny at least some liability for the improvements. On the other hand, if the factfinder should conclude that the improvements were made without the knowledge and consent of the lessor, and that the lessor not only did not consent to the construction of the improvements but demanded their removal before the expiration of the lease, then clearly those facts would prevent the application of the doctrine of equitable estoppel.
In entering the summary judgment in favor of Birmingham Realty, the trial court held that David Spradlin’s affidavit, submitted by Kirkpatrick, was not “a sufficient basis for imposing an equitable estop-pel against Birmingham Realty.”
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for entering summary judgment. The rule requires that, in order to properly enter a summary judgment, the trial court must determine (1) that there is no genuine issue of material fact and (2) that the moving party is entitled to a judgment as a matter of law. The burden is placed upon the party moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present “substantial evidence” in support of his or her claim, i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).[3]
*801 When Birmingham Realty submitted in support of its motion for summary judgment an affidavit by Russell M. Cunningham III and a copy of the lease indicating that Birmingham Realty had not authorized the construction or given its consent, the burden then shifted to Kirkpatrick to show by “substantial evidence” in favor of his position that there was a genuine issue of fact. Kirkpatrick submitted the affidavit by David Spradlin. In holding that the Spradlin affidavit was insufficient, it appears that the learned trial judge was of the opinion that this Court’s holding in Lloyd would not apply. In so concluding, the trial judge erred. We hold that Kirkpatrick did present substantial evidence in support of his position, and we conclude that the issue whether Birmingham Realty had knowledge of the construction and/or approved of the construction is a material issue of fact that should be considered in determining whether to apply the doctrine of equitable estoppel as set out in Lloyd.
The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.

. The claims against M.A. Spradlin, Walker Norris, and Robert Webb are not involved on this appeal.

. That summary judgment was made final pursuant to Rule 54(b), A.R.Civ.P.

. This action was filed after June 11, 1987; therefore, the "substantial evidence” standard applies. Ala.Code 1975, § 12-21-12.